**ORIGINAL**

FILED

2008 APR 10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ KAH _____DEPUTY

1  MICHAEL S. TRACY (Bar No. 101456)
   JILLIAN L. PROCTOR (Bar No. 246989)
2  **DLA PIPER US LLP**
   401 B Street, Suite 1700
3  San Diego, CA 92101-4297
   Tel: 619.699.2700
4  Fax: 619.699.2701
   mike.tracy@dlapiper.com
5  jillian.proctor@dlapiper.com

6  Attorneys for Defendant
   EPITOME PHARMACEUTICALS LIMITED
7

8              UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11 REID JILEK, an individual,          CV NO. **'08 CV 0658 IEG WMc**

              Plaintiff,              **NOTICE OF REMOVAL OF DEFENDANT**
12                                     **EPITOME PHARMACEUTICALS**
        v.                            **LIMITED TO FEDERAL COURT**
13                                     **PURSUANT TO 28 USC § 1332**

14 EPITOME PHARMACEUTICALS
   LIMITED, a Nova Scotia limited corporation,  **DEMAND FOR JURY TRIAL**
   and DOES 1 to 100, inclusive,
15

              Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

2   DISTRICT OF CALIFORNIA:

3        PLEASE TAKE NOTICE that Defendant EPITOME PHARMACEUTICALS LIMITED

4   ("Epitome") hereby removes this civil action, captioned as *Jilek v. Epitome Pharmaceuticals*

5   *Limited*, Case No. 37-2008-00079007-CU-BC-CTL, from the Superior Court of the State of

6   California for the County of San Diego, Central District, to the United States District Court for

7   the Southern District of California. This removal is based on diversity of citizenship, pursuant to

8   28 U.S.C. sections 1332, 1441(a) and (b), and 1446 for the reasons stated below:

9   **I.    INTRODUCTION**

10       1.    On or about February 29, 2008, this action was filed by Reid Jilek in the Superior

11  Court of the State of California for the County of San Diego. A copy of that Complaint, assigned

12  San Diego Superior Court Case No. 37-2008-00079007-CU-BC-CTL ("Complaint"), along with

13  all process, pleadings, and orders served upon Epitome is attached hereto as Exhibit A.

14       2.    In the instant action, this Court has removal jurisdiction under 28 U.S.C. § 1332.

15       3.    This Notice of Removal is filed in the District Court of the United States for the

16  district in which the Plaintiff filed the Complaint in the instant action.

17       4.    On or about March 6, Plaintiff sent Epitome a copy of the Summons and

18  Complaint. Service was thus effected on March 16, 2008. *See* Cal. Civ. Proc. Code § 415.40

19  (mail service on a person outside California is deemed complete on the 10th day after such

20  mailing).

21       5.    Removal is timely, under the terms of 28 U.S.C. section 1446(b) and Federal Rules

22  of Civil Procedure Rule 6(a), as the thirtieth day following service of the Complaint is April 15,

23  2008. *See Murphy Brothers, Inc. v. Michetti Pipestringing, Inc.*, 526 U.S. 344 (1999) (time to

24  remove runs from service).

25       6.    Epitome attaches hereto as Exhibit B the notice of filing of this removal to the

26  Clerk of the Superior Court for the County of San Diego, which will be filed in the Superior

27  Court for the County of San Diego and served on Plaintiff. *See* 28 U.S.C. § 1446(d). Proof of

28  filing of this notice and its service on Plaintiff will be filed with this Court when completed.

-1-

1   7. Defendant filed and served its Answer to the Complaint (the "Answer") on

2 April 9, 2008.  A copy of the Answer is attached hereto as Exhibit C.

3 **II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY**
   **JURISDICTION**

4

5   8. This action is one of which this Court has original jurisdiction under 28 U.S.C.

6 section 1332, and is one that may be properly removed to this Court on the basis of diversity of

7 citizenship jurisdiction, in that it is a civil action between a citizen of the state of California and a

8 citizen of a foreign country and the matter in controversy exceeds the sum of $75,000, exclusive

9 of interest and costs, as more fully explained below.  28 U.S.C. §§ 1332, 1441(a).

10   9. Defendant is informed and believes, and on that basis alleges, that Plaintiff is now,

11 and was at the time this action was commenced, a citizen of the State of California within the

12 meaning of 28 U.S.C. section 1332(a), because his place of residence and domicile is and was

13 within the State of California.  (Ex. A, Complaint ¶ 1.)

14   10. Defendant Epitome Pharmaceuticals Limited is now, and was at the time this

15 action was commenced, a citizen of Nova Scotia, Canada, within the meaning of 28 U.S.C. §

16 1332(c)(1), because it is incorporated under the laws of Nova Scotia, and maintains its principal

17 place of business in Halifax, Nova Scotia, Canada.

18   11. The presence of the Doe defendants has no bearing on diversity with respect to

19 removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship

20 of defendants sued under fictitious names shall be disregarded.").

21   12. While Defendant denies any liability to Plaintiff, the amount in controversy in this

22 action, as alleged in the Complaint, exceeds $75,000 exclusive of interest and costs.

23   13. Plaintiff has alleged that he is entitled to five percent (5%) of Epitome's net

24 royalty stream from the sale of the ointment referred to in the complaint as "Wart Heal." (Ex. A.,

25 Complaint ¶¶ 15, 17.)  Epitome retains a share of MediGene AG's ("MediGene") portion of

26 royalty payments from the sale of this product.  Epitome is informed and believes that

27 MediGene's projected sales of this product are in the tens of millions of dollars.  Plaintiff claims

28 he is entitled to five percent (5%) of Epitome's share of these royalties.  Plaintiff also seeks a

-2-

1  "permanent injunction enjoining Defendant ...from dissipating the proceeds it receives from the

2  sale of the Wart Heal product." (Ex. A., Complaint, p. 7, lines 13-16.)  Thus, because the

3  projected sales of the product are in the tens of millions of dollars and the relief sought is not

4  limited in time, the amount in controversy is in excess of $75,000.

5  **III.    CONCLUSION**

6      14.    For the reasons stated, federal diversity jurisdiction exists pursuant to the 28

7  U.S.C. § 1334.  Accordingly, Epitome hereby removes to this Court the case captioned *Jilek v.*

8  *Epitome Pharmaceuticals Limited*, Case No. 37-2008-00079007-CU-BC-CTL, from the Superior

9  Court of the State of California for the County of San Diego.

10      15.    Nothing in this Notice should be construed as a waiver by Epitome of its defenses

11  to the complaint.

12      Wherefore, Epitome gives notice that the above-described Action pending against it in the

13  Superior Court of California, County of San Diego, is removed to this Court.

14  Dated: April 10, 2008

                                 DLA PIPER US LLP

15

16

17                          By

                          MICHAEL S. TRACY

18                            JILLIAN L. PROCTOR

                          Attorneys for Defendant

19                            EPITOME PHARMACEUTICALS LIMITED

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP    SD\1789385.2    NOTICE OF REMOVAL OF DEFENDANT EPITOME PHARMACEUTICALS
PURSUANT TO 28 U.S.C. § 1332

**EXHIBIT A**

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EPITOME PHARMACEUTICALS LIMITED, a Nova Scotia
limited corporation; and DOES 1 through 100,
inclusive

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REID JILEK, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | CASE NUMBER:<br>*(Número del Caso):* 37-2008-00079007-CU-BC-CTL |

330 West Broadway
San Diego, CA 92101
Hall of Justice

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

RICHARD R. WAITE (SBN 97942)                                           (858) 523-2130
KEENEY WAITE & STEVENS
125 NORTH ACACIA AVENUE, SUITE 101
SOLANA BEACH, CA 92075

| DATE:      FEB 29 2008 | Clerk, by    **M. McKinley** | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>Legal<br>Solutions |

EXHIBIT **A** PAGE **4**

1 │ RICHARD R. WAITE (SBN 97942)
  │ MARY M. BEST (SBN 110220)
2 │ **KEENEY WAITE & STEVENS**
  │ A Professional Corporation
3 │ 125 North Acacia Avenue, Suite 101
  │ Solana Beach, CA 92075
4 │ Telephone:    (858) 523-2130
  │ Facsimile:    (858) 523-2135
5 │
  │ Attorneys for Plaintiff REID JILEK
6 │
7 │
8 │
9 │                    **SUPERIOR COURT, STATE OF CALIFORNIA**

10 │                 **COUNTY OF SAN DIEGO - CENTRAL DIVISION**

11 │ REID JILEK, an individual,                    )   Case No. 37-2008-00079007-CU-BC-CTL
   │                                               )
12 │                    Plaintiff,                 )   COMPLAINT FOR:
   │                                               )   1. DECLARATORY RELIEF
13 │ v.                                            )   2. ACCOUNTING
   │                                               )   3. ANTICIPATORY BREACH OF CONTRACT
14 │ EPITOME PHARMACEUTICALS                       )   4. BAD FAITH DENIAL OF CONTRACT
   │ LIMITED, a Nova Scotia limited                )   5. IMPOSITION OF CONSTRUCTIVE TRUST;
15 │ corporation; and DOES 1 through 100,          )      AND
   │ inclusive,                                    )   6. PRELIMINARY & PERMANENT
16 │                                               )      INJUNCTION
   │                    Defendants.                )
17 │ _____ )

18 │

19 │         Plaintiff Reid Jilek alleges follows:

20 │                    **I. GENERAL ALLEGATIONS**

21 │         1.    Plaintiff Reid Jilek is an individual residing in the County of San Diego, California, at

22 │ all times mentioned herein.

23 │         2.    Plaintiff is informed and believes and thereon alleges that Defendant Epitome

24 │ Pharmaceuticals Limited (hereinafter "Defendant") is a Nova Scotia, Canadian limited corporation.

25 │         3.    The true names and capacities of Defendants Does 1 through 100 (the "Doe

26 │ Defendants"), inclusive, are unknown to Plaintiff, who therefore sues said Doe Defendants by such

27 │ fictitious names pursuant to Section 474 of the California Code of Civil Procedure. Plaintiff is

28 │ informed and believes, and thereon alleges, that Does 1 through 100 are in some capacity

---

1

COMPLAINT FOR DECLARATORY RELIEF

EXHIBIT A PAGE 5

1  responsible for the acts and omissions and damages herein alleged. Plaintiff will seek leave of the

2  Court to amend this Complaint when said names and true capacities have been ascertained.

3         4.     Plaintiff is informed and believes, and thereon alleges that at all times mentioned

4  herein, except as otherwise stated, each of the Defendants and Doe Defendants, were the agents,

5  employees, subsidiaries, licensors, sublicensors, or affiliates of each of the remaining Defendants.

6  Plaintiff is informed and believes and thereon alleges that in doing the things herein alleged, such

7  Defendants and Doe Defendants were acting within the scope of their agency, subsidiary, licensing,

8  employment or affiliates agreements.

9                    **II. JURISDICTIONAL & VENUE ALLEGATIONS**

10        5.     On or about October 28, 1997, Plaintiff entered into a written agreement (the

11 "Agreement") with the Defendant. A true and correct copy of the Agreement is attached hereto as

12 Exhibit. A.

13        6.     The Agreement was entered into in San Diego County, California. Under the

14 Agreement Plaintiff was to secure introductions with companies in a position to manufacture,

15 market, and possibly finance an ointment known as Wart Heal being developed by the Defendant. In

16 exchange for Plaintiff's services, Defendant agreed to pay Plaintiff 5% of the net royalty stream

17 from the sale of the ointment. Plaintiff performed services for Defendant in California in general

18 and in San Diego County specifically.

19        7.     At the time the Agreement was signed by the Plaintiff, Plaintiff is informed and

20 believes and thereon alleges that Defendant was doing business in San Diego County under the name

21 of "Epitome Limited", which had a business office located at 3920 Goldfinch Street, San Diego, CA

22 92103.

23        8.     The Agreement was signed by Paul T. Wegener ("Wegener") in San Diego County,

24 California. Wegener was living in San Diego County and was the President, an officer, a director

25 and an agent of the Defendant, in San Diego County, California, at the time the Agreement was

26 signed. Plaintiff is informed and believes and thereon alleges that Wegner's contacts and activities

27 within the State of California are imputed to Defendant and establish minimum contacts within the

28 State of California.

EXHIBIT __A__ PAGE __6__

9.     Plaintiff is informed and believes and thereon alleges that at the time the Agreement was entered into with the Plaintiff, the Defendant was doing business in the State of California, and the Defendant is currently doing business in the State of California with a licensing partner who has an office in San Diego County, California.

10.     In the latter part of 1999, a dispute arose between Plaintiff and the Defendant regarding the interpretation of the "5% of the net royalty stream" language in the Agreement. The parties resolved that dispute and agreed to a "Confidentiality Agreement" on or about February 22, 2000.

11.     The Confidentiality Agreement provides that: "This Agreement shall be governed by and construed and enforced in accordance with, the laws of the State of California."

### III. FIRST CAUSE OF ACTION

#### (Declaratory Relief against All Defendants).

12.     Plaintiff refers to and incorporates herein by reference all preceding paragraphs of the Complaint.

13.     On or about March 1, 2000, Defendant sent a letter to its licensing partner, MediGene AG. A true and correct copy of that letter is attached hereto as Exhibit B and incorporated herein by reference. Ex. B confirmed Defendant's agreement with Plaintiff and requested that when and if any royalties were to become payable to the Defendant, that MediGene "retain 5% of each royalty payment due Epitome and forward such 5% share to Dr. Reid Jilek."

14.     On or about February 8, 2008, Defendant informed Plaintiff that there had not yet been any sales of Defendant's ointment and therefore no royalties had yet been paid to the Defendant. At that same time, Defendant informed Plaintiff, for the first time, that Plaintiff was not entitled to any royalties under the Agreement and that the Confidentiality Agreement and other correspondence and documents issued by the Defendant that confirmed Plaintiff's entitlement to such royalties (such as Ex. B) were signed by the Defendant under duress and were "not legally binding."

15.     Plaintiff is informed and believes and thereon alleges that under the terms of the Agreement he is entitled to "5% of the net royalty stream resulting from the sales of Wart Heal

3

1    ointment." Plaintiff is further informed and believes that pursuant to the terms of the Agreement,

2    Defendant was required to include Plaintiff's entitlement to such royalties "into the final licensing

3    agreement for Wart Heal " with any of Defendant's strategic partners for Wart Heal.

4         16.    Defendant confirmed Plaintiff's entitlement to the Wart Heal royalties in the terms of

5    Ex. B.

6         17.    An actual controversy exists between Plaintiff and the Defendants herein, and each of

7    them, in that Plaintiff contends he is entitled to 5% of Defendant's net royalties for Wart Heal, and

8    that his entitlement to such royalties was voluntarily confirmed by the Defendants in Ex. B.

9    Defendants contend that Plaintiff is not entitled to such royalties under the Agreement and that Ex. B

10   was signed by the Defendants under duress and are therefore not legally binding.

11        18.    Plaintiff and Defendants desire a judicial determination of their respective rights,

12   duties and obligations under the Agreement. A judicial determination is both necessary and

13   appropriate at this time in order that the parties may ascertain their respective rights, obligations and

14   liabilities, if any, with respect to the Agreement.

## IV. SECOND CAUSE OF ACTION

### (Accounting - All Defendants)

17        19.    Plaintiff refers to and incorporates herein by reference all preceding paragraphs of the

18   Complaint.

19        20.    Plaintiff is informed and believes and thereon alleges that beginning in 2008

20   Defendant has started to receive royalty payments and monies associated with its Wart Heal

21   product, a portion of which is due to Plaintiff pursuant to the Agreement.

22        21.    The amount of money due from Defendant to Plaintiff is unknown and cannot be

23   ascertained without an accounting of the receipts from Defendant's operations.

24        22.    Plaintiff has demanded that Defendant account for the aforementioned royalty monies

25   and pay the amount found to be due to Plaintiff, but Defendant has failed and refused, and continues

26   to fail and refuse, to render the accounting and pay the Plaintiff.

27   / / /

28   / / /

EXHIBIT A  PAGE 8

## V. THIRD CAUSE OF ACTION

### (Anticipatory Breach of Contract - All Defendants)

23.    Plaintiff refers to and incorporates herein by reference all the preceding Paragraphs of the Complaint.

24.    Plaintiff has fully performed and satisfied all his obligations under the Agreement with Defendant.

25.    On or about February 8, 2008, Defendant informed Plaintiff that there were not yet any royalties payable for Wart Heal under the Agreement and also informed Plaintiff that Defendant would not honor or fulfill the terms of the Agreement.

26.    As Defendant has indicated that even when royalties payments are received for Wart Heal, it does not intend to forward any portion of such royalties to the Plaintiff, Defendant has breached the Agreement.

27.    Plaintiff has been damaged in an amount to proven at trial, which damages include 5% of all the future net royalties received by Defendant that are associated with Wart Heal. Plaintiff will amend this complaint to allege the full extent of his damages when they have been ascertained.

## VI. FOURTH CAUSE OF ACTION

### (Bad  Faith Denial of Contract - All Defendants)

28.    Plaintiff refer to and incorporate herein by reference all preceding Paragraphs of the Complaint.

29.    Plaintiff performed under the terms of the Agreement.   For several years, both in their actions and their correspondence with the Plaintiff, Defendant confirmed the existence of the Agreement between Plaintiff and Defendant.

30.    In or about February 2008, Defendant breached the Agreement, informed Plaintiff it would not perform its obligations under the Agreement, and denied the existence and validity of the Agreement with the Plaintiff as set forth above.

31.    Defendant's denial of the Agreement was done in bad faith and without probable cause.

32.    Plaintiff has been damaged in an amount to be proven at trial.

/ / /

EXHIBIT___A___ PAGE___9___

## VII.  FIFTH CAUSE OF ACTION

**(Imposition of Constructive Trust & Request for Preliminary and Permanent Injunction-
All Defendants)**

33.    Plaintiff refers to and incorporates herein by reference all preceding Paragraphs of the Complaint.

34.    Plaintiff is informed and believes and thereon alleges that Defendant has already or will soon be receiving royalties from the sale of Wart Heal.  Those royalty payments will be easily identifiable and can be segregated into a separate fund.

35.    In or about February, 2008 Plaintiff demanded that Defendant begin honoring the terms of the Agreement and convey the 5% net royalty payments due Plaintiff under the Agreement. Defendant has failed and refused to convey to Plaintiff the 5% net royalty payments.

36.    Plaintiff is informed and believes and t hereon alleges that at the time Defendant made the promises to Plaintiff, as set forth above, Defendant had no intention of performing them.

37.    Plaintiff is informed and believes and thereon alleges that Defendant made these promises to Plaintiff with the intent to defraud Plaintiff and to induce Plaintiff to perform under the terms of the Agreement, allowing Defendant to reap the benefit of Plaintiff's performance under the Agreement, while keeping the profits from Plaintiff's performance to itself.

38.    At the time these promises were made and at the time Plaintiff acted in reliance on them, Plaintiff was ignorant of Defendant's secret intention not to perform, and Plaintiff could not, in the exercise of reasonable diligence, have discovered Defendant's secret intention and therefore acted reasonably in relying on Defendant's promises.  Had Plaintiff know of Defendant's secret intention not to perform, Plaintiff would not have acted in reliance on Defendant's promises.

39.    By virtue of its fraudulent acts, Defendant holds the 5% net royalty payments associated with the Wart Heal product as a constructive trustee for the Plaintiff's benefit.

40.    Plaintiff has requested that Defendant provide an accounting and a statement of 5% of net royalty payments collected, to which Plaintiff is rightfully entitled under the Agreement,  but Defendant has refused these requests.

41.    Plaintiff is informed and believes and thereon alleges that he is entitled to a constructive trust on the Wart Heal royalty payments in order to ensure that Defendant does not turn

EXHIBIT __A__  PAGE __10__

1  these payments over to others or dissipate these royalty payments in any fashion during the

2  pendency of this litigation.

3      WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

4      1.    For general damages according to proof at trial;

5      2.    For special damages according to proof at trial;

6      3.    For interest thereon according to proof at trial;

7      4.    For reasonable attorneys' fees and costs;

8      5.    For an accounting between the Plaintiff and Defendants;

9      6.    For payment over to Plaintiff of the amount due from Defendant as a result of the

10  account and interest on that amount from and after the date of the filing of this complaint;

11      7.    For an order declaring that Defendant holds 5% of the net royalty payments received

12  from the sale of Wart Heal in trust for the Plaintiff;

13      8.    For a temporary restraining order, preliminary injunction and permanent injunction

14  enjoining Defendant and its agents, servants, employees, and all persons acting under, in concert

15  with, or for Defendant from dissipating the proceeds it receives from the sale of the Wart Heal

16  product.

17      9.    For such other and further relief as the Court may deem just and proper.

18

19

20  Dated:      February 28, 2008              **KEENEY WAITE & STEVENS**
                                              A Professional Corporation

21

22                                            By:    _Mary Best_

23                                            Richard R. Waite
                                              Mary M. Best

24                                            Attorneys for Plaintiff
                                              REID JILEK

25

26

27

28

EXHIBIT _A_ PAGE _11_

**A**

EXHIBIT A PAGE 12

## EPITOME LIMITED

3920 GOLDFINCH STREET, SAN DIEGO, CA 92103
(619) 298-4279, FAX AT SAME NUMBER

28 October, 1997

Dear Dr. Jilek:

I am interested in establishing a relationship where you can serve my enterprises and where you will be equitably compensated for your efforts. I understand that your interest and service to a company is based on success, and that you prefer a long-term compensation from the royalty stream; I share both of these attitudes and practice them in the other companies with which I am associated.

In return for your long-term involvement with Epitome Pharmaceuticals, Ltd., I offer 5% of the net royalty stream resulting from the sales of Wart Heal ointment for genital warts. This 5% royalty will be incorporated into the final licensing agreement for Wart Heal to the strategic partner. You will bear your ordinary expenses; extraordinary expenses such as travel specifically for Epitome will be discussed as the occasion arises.

In return, you will be active on our behalf in a variety of roles, from securing introductions with companies positioned to manufacture and market the medication to helping obtain financing, if necessary, or any other assistance you feel would increase the chances of overall success of the venture. I hope to have Epitome become part of the group of ventures you enjoy caring for and fostering.

If this is satisfactory, please countersign and return a copy of this letter agreement.

Sincerely yours,

Paul T. Wegener
President

PTW/ccl

Agreed this 30TH day of October, 1997:

Dr. Reid Jilek, Ph.D.

EXHIBIT __A__ PAGE __13__

# B

# EPITOME PHARMACEUTICALS LIMITED

### 5162 DUKE ST., SUITE 501, HALIFAX, N.S.  B3J 1N7
PH: (902) 429-9247, FX (902) 492-0013; E-MAIL SLONEMUN@NS.SYMPATICO.CA

March 1, 2000

*by fax to:*    011 49-89 89 56 32-20

Martin Pochlchen
Vice-President
MediGene AG
Lochhamer Strasse 11
82152 Planegg/Martinsreid
Bavaria, Germany

Dear Dr. Poehlchen,

Re:    **Epitome Pharmaceuticals – Administrative Issues**

I write to provide a direction with respect to royalties paid to Epitome Pharmaceuticals under either the present agreement between our two companies or any future agreement between us.

Some years ago, when Paul Wegener was seeking a funding partner for the green tea medication, he enlisted the aid of Dr. Reid Jilek, a man with contacts in the pharmaceutical industry. Under his agreement with Dr. Jilek, the latter was to seek investors in Epitome in return for a 5% share of Epitome's royalties from the sale of green tea based treatment for genital warts.

Epitome recently resolved a disagreement it has had with Dr. Jilek with respect to his entitlement under that agreement and the company has now agreed to advise our licensing partner to forward to Dr. Jilek a percentage of our royalties, if any, from the polyphenon based treatment of genital warts.

Accordingly we would ask that you kindly do the following:

1.    In the event that royalties based on sales of products employing green tea polyphenols to treat genital warts become payable to Epitome by MediGene under the existing or any future agreement between our two companies, please retain 5% of each royalty payment due Epitome and forward such 5% share to Dr. Reid Jilek c/o Connor, Packer & Dunivan 3400 Fourth Avenue, San Diego California 29103.

2.    At the time you forward to Epitome's reports with respect to the calculation of royalties due Epitome on the sale of products for the treatment of genital warts based on green tea

EXHIBIT __A__ PAGE __15__

MAR-24-2000 20:25 FROM:SLONE & MUNRO    4920013    TO:6192981220    P.003/027

polyphenols, please forward a copy of such reports as well to Dr. Jilek at the same address.

3.  We would appreciate it if you would please sign this letter below and return by fax to Epitome in acknowledgment of your having received these instructions. This will enable us to demonstrate to Dr. Jilek that we have fulfilled our agreement with respect to his share of Epitome royalties from the treatment of genital warts through green tea polyphenols.

If you have any questions regarding the above please contact me or Paul. We appreciate your attention to this matter.

Best regards,

Andrew J.M. Munro

MediGene acknowledges receipt of this direction from Epitome Pharmaceuticals Ltd.

_____

Dr. Martin Poehlchen

EXHIBIT A PAGE 16

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00079007-CU-BC-CTL      CASE TITLE: Jilek vs. Epitome Pharmaceuticals Limited

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

EXHIBIT__A__PAGE__17

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

EXHIBIT ___A___ PAGE$^2$ ___18___

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S):   Reid Jilek |
|---|
| DEFENDANT(S): Epitome Pharmaceuticals Limited |
| SHORT TITLE:   JILEK VS. EPITOME PHARMACEUTICALS LIMITED |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00079007-CU-BC-CTL |
|---|---|

Judge: Michael M. Anello                                    Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                    ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                  ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only)  _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                Name of Defendant

_____          _____
Signature                                        Signature

_____          _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____          _____
Signature                                        Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 02/29/2008                                _____
                                                 JUDGE OF THE SUPERIOR COURT

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**

EXHIBIT __A__ PAGE __19__

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> MARY M. BEST (SBN 110220) <br> MARY M. BEST (SBN 110220) <br> KEENEY WAITE & STEVENS <br> 125 NORTH ACACIA AVENUE, SUITE 101 <br> SOLANA BEACH, CA 92075 <br> TELEPHONE NO.: (858) 523-2130   FAX NO.: (858) 523-2135 <br> ATTORNEY FOR *(Name):* REID JILEK | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME: Reid Jilek v. Epitome Pharmaceuticals Ltd.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 37-2008-00079007-CU-BC-CTL <br> JUDGE: <br> DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [X] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):* 5

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 28, 2008

MARY M. BEST (SBN 110220)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 |

Legal Solutions Plus

EXHIBIT ___ PAGE 22

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

EXHIBIT __A__ PAGE __31__

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY AND ZIP CODE:    San Diego, CA 92101 | |
| BRANCH NAME:    Central | |
| TELEPHONE NUMBER: (619) 685-6151 | |

| PLAINTIFF(S) / PETITIONER(S):    Reid Jilek |
|---|
| DEFENDANT(S) / RESPONDENT(S): Epitome Pharmaceuticals Limited |

| JILEK VS. EPITOME PHARMACEUTICALS LIMITED | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2008-00079007-CU-BC-CTL |

Judge:  Michael M. Anello                                          Department: C-72

**COMPLAINT/PETITION FILED: 02/29/2008**

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                          **NOTICE OF CASE ASSIGNMENT**

EXHIBIT ___A___ PAGE ___22___

1    MICHAEL S. TRACY (Bar No. 101456)
     JILLIAN L. PROCTOR (Bar No. 246989)
2    DLA PIPER US LLP
     401 B Street, Suite 1700
3    San Diego, CA 92101-4297
     Tel: 619.699.2700
4    Fax: 619.699.2701

5    Attorneys for Defendant
     EPITOME PHARMACEUTICALS LIMITED
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11   REID JILEK,                          CASE NO. 37-2008-00079007-CU-BC-CTL

                   Plaintiff,             **NOTICE TO SUPERIOR COURT AND TO
12                                        ADVERSE PARTY OF REMOVAL TO
                                          THE UNITED STATES DISTRICT
13          v.                            COURT FOR THE SOUTHERN
                                          DISTRICT OF CALIFORNIA**
14   EPITOME PHARMACEUTICALS LIMITED,
     a Nova Scotia limited corporation, and DOES 1
15   to 100, inclusive,                   Dept.C-72
                                          Judge: Hon. Michael M. Anello
16                 Defendant.             Complaint Filed: February 29, 2008

17

18

19

20

21

22

23

24

25

26

27

28

                                              EXHIBIT  B  PAGE 23

DLA PIPER US LLP    SD\1789378.1    NOTICE TO SUPERIOR COURT AND ADVERSE PARTY OF REMOVAL TO THE UNITED
                                    STATES DISTRICT COURT

1     **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF**

2 **REID JILEK AND HIS ATTORNEYS OF RECORD:**

3     PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant

4 EPITOME PHARMACEUTICALS LIMITED ("Epitome") removed the above-referenced action

5 from the Superior Court of California for the County of San Diego to the United States District

6 Court for the Southern District of California. The grounds for this removal are set forth in the

7 Notice of Removal attached to this document as Exhibit 1.

8     PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d), the filing of

9 this Notice shall effect the removal and the State Court shall proceed no further unless and until

10 the case is remanded.

11 Dated: April _10_, 2008

12                           DLA PIPER US LLP

13

14                           By _____

15                           MICHAEL S. TRACY
                          JILLIAN L. PROCTOR
                          Attorneys for Defendant

16                           EPITOME PHARMACEUTICALS LIMITED

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __B__ PAGE __24__

DLA PIPER US LLP    SD\1789378.1    NOTICE TO SUPERIOR COURT AND ADVERSE PARTY OF REMOVAL TO THE UNITED
                            STATES DISTRICT COURT

1

EXHIBIT_B__PAGE_25_

1  MICHAEL S. TRACY (Bar No. 101456)
   JILLIAN L. PROCTOR (Bar No. 246989)
2  **DLA PIPER US LLP**
   401 B Street, Suite 1700
3  San Diego, CA  92101-4297
   Tel:  619.699.2700
4  Fax:  619.699.2701
   mike.tracy@dlapiper.com
5  jillian.proctor@dlapiper.com

6  Attorneys for Defendant
   EPITOME PHARMACEUTICALS LIMITED
7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11 REID JILEK, an individual,              CV NO.

12          Plaintiff,                     **NOTICE OF REMOVAL OF DEFENDANT
                                           EPITOME PHARMACEUTICALS
13     v.                                  LIMITED TO FEDERAL COURT
                                           PURSUANT TO 28 USC § 1332**
14 EPITOME PHARMACEUTICALS
   LIMITED, a Nova Scotia limited corporation,  **DEMAND FOR JURY TRIAL**
15 and DOES 1 to 100, inclusive,

16          Defendant.

17

18

19

20

21

22

23

24

25

26

27

28
                                           EXHIBIT __B__ PAGE _26_

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

2  DISTRICT OF CALIFORNIA:

3      PLEASE TAKE NOTICE that Defendant EPITOME PHARMACEUTICALS LIMITED

4  ("Epitome") hereby removes this civil action, captioned as *Jilek v. Epitome Pharmaceuticals*

5  *Limited*, Case No. 37-2008-00079007-CU-BC-CTL, from the Superior Court of the State of

6  California for the County of San Diego, Central District, to the United States District Court for

7  the Southern District of California. This removal is based on diversity of citizenship, pursuant to

8  28 U.S.C. sections 1332, 1441(a) and (b), and 1446 for the reasons stated below:

9  **I.    INTRODUCTION**

10      1.    On or about February 29, 2008, this action was filed by Reid Jilek in the Superior

11  Court of the State of California for the County of San Diego. A copy of that Complaint, assigned

12  San Diego Superior Court Case No. 37-2008-00079007-CU-BC-CTL ("Complaint"), along with

13  all process, pleadings, and orders served upon Epitome is attached hereto as Exhibit A.

14      2.    In the instant action, this Court has removal jurisdiction under 28 U.S.C. § 1332.

15      3.    This Notice of Removal is filed in the District Court of the United States for the

16  district in which the Plaintiff filed the Complaint in the instant action.

17      4.    On or about March 6, Plaintiff sent Epitome a copy of the Summons and

18  Complaint. Service was thus effected on March 16, 2008. *See* Cal. Civ. Proc. Code § 415.40

19  (mail service on a person outside California is deemed complete on the 10th day after such

20  mailing).

21      5.    Removal is timely, under the terms of 28 U.S.C. section 1446(b) and Federal Rules

22  of Civil Procedure Rule 6(a), as the thirtieth day following service of the Complaint is April 15,

23  2008. *See Murphy Brothers, Inc. v. Michetti Pipestringing, Inc.*, 526 U.S. 344 (1999) (time to

24  remove runs from service).

25      6.    Epitome attaches hereto as Exhibit B the notice of filing of this removal to the

26  Clerk of the Superior Court for the County of San Diego, which will be filed in the Superior

27  Court for the County of San Diego and served on Plaintiff. *See* 28 U.S.C. § 1446(d). Proof of

28  filing of this notice and its service on Plaintiff will be filed with this Court when completed. **EXHIBIT PAGE  2**

-1-

7.    Defendant filed and served its Answer to the Complaint (the "Answer") on April 9, 2008. A copy of the Answer is attached hereto as Exhibit C.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION

8.    This action is one of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be properly removed to this Court on the basis of diversity of citizenship jurisdiction, in that it is a civil action between a citizen of the state of California and a citizen of a foreign country and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as more fully explained below. 28 U.S.C. §§ 1332, 1441(a).

9.    Defendant is informed and believes, and on that basis alleges, that Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a), because his place of residence and domicile is and was within the State of California. (Ex. A, Complaint ¶ 1.)

10.    Defendant Epitome Pharmaceuticals Limited is now, and was at the time this action was commenced, a citizen of Nova Scotia, Canada, within the meaning of 28 U.S.C. § 1332(c)(1), because it is incorporated under the laws of Nova Scotia, and maintains its principal place of business in Halifax, Nova Scotia, Canada.

11.    The presence of the Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

12.    While Defendant denies any liability to Plaintiff, the amount in controversy in this action, as alleged in the Complaint, exceeds $75,000 exclusive of interest and costs.

13.    Plaintiff has alleged that he is entitled to five percent (5%) of Epitome's net royalty stream from the sale of the ointment referred to in the complaint as "Wart Heal." (Ex. A., Complaint ¶¶ 15, 17.) Epitome retains a share of MediGene AG's ("MediGene") portion of royalty payments from the sale of this product. Epitome is informed and believes that MediGene's projected sales of this product are in the tens of millions of dollars. Plaintiff claims he is entitled to five percent (5%) of Epitome's share of these royalties. Plaintiff also seeks EXHIBIT A PAGE 27

-2-

1  "permanent injunction enjoining Defendant …from dissipating the proceeds it receives from the

2  sale of the Wart Heal product." (Ex. A., Complaint, p. 7, lines 13-16.) Thus, because the

3  projected sales of the product are in the tens of millions of dollars and the relief sought is not

4  limited in time, the amount in controversy is in excess of $75,000.

5  **III.    CONCLUSION**

6        14.    For the reasons stated, federal diversity jurisdiction exists pursuant to the 28

7  U.S.C. § 1334.  Accordingly, Epitome hereby removes to this Court the case captioned *Jilek v.*

8  *Epitome Pharmaceuticals Limited*, Case No. 37-2008-00079007-CU-BC-CTL, from the Superior

9  Court of the State of California for the County of San Diego.

10        15.    Nothing in this Notice should be construed as a waiver by Epitome of its defenses

11  to the complaint.

12        Wherefore, Epitome gives notice that the above-described Action pending against it in the

13  Superior Court of California, County of San Diego, is removed to this Court.

14  Dated: April 10 , 2008

                              DLA PIPER US LLP

15

16

17  By _____
        MICHAEL S. TRACY
18      JILLIAN L. PROCTOR
        Attorneys for Defendant
19      EPITOME PHARMACEUTICALS LIMITED

20

21

22

23

24

25

26

27

28

-3-

DLA PIPER US LLP     SD\1789385.2     NOTICE OF REMOVAL OF DEFENDANT EPITOME PHARMACEUTICALS
PURSUANT TO 28 U.S.C. § 1332

# EXHIBIT A

EXHIBIT __B__ PAGE __30__

# SUMMONS
## *(CITATION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EPITOME PHARMACEUTICALS LIMITED, a Nova Scotia
limited corporation; and DOES 1 through 100,
inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REID JILEK, an individual

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | CASE NUMBER:<br>*(Número del Caso):* 37-2008-00079007-CU-BC-CTL |

330 West Broadway
San Diego, CA 92101
Hall of Justice
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RICHARD R. WAITE (SBN 97942)                      (858) 523-2130
KEENEY WAITE & STEVENS
125 NORTH ACACIA AVENUE, SUITE 101
SOLANA BEACH, CA 92075

DATE:  **FEB 2 9 2008**           Clerk, by  **M. McKinley** , Deputy
*(Fecha)*                          *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
℗ Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT** ⬭ **PAGE** 31

1  RICHARD R. WAITE (SBN 97942)
   MARY M. BEST (SBN 110220)
2  **KEENEY WAITE & STEVENS**
   A Professional Corporation
3  125 North Acacia Avenue, Suite 101
   Solana Beach, CA  92075
4  Telephone:    (858) 523-2130
   Facsimile:    (858) 523-2135
5
   Attorneys for Plaintiff REID JILEK
6

7

8
                    SUPERIOR COURT, STATE OF CALIFORNIA
9
                 COUNTY OF SAN DIEGO - CENTRAL DIVISION
10

11  REID JILEK, an individual,          )   Case No. 37-2008-00079887-CU-BC-CTL
                                        )
12            Plaintiff,                 )   COMPLAINT FOR:
                                        )   1. DECLARATORY RELIEF
13  v.                                   )   2. ACCOUNTING
                                        )   3. ANTICIPATORY BREACH OF CONTRACT
14  EPITOME PHARMACEUTICALS             )   4. BAD FAITH DENIAL OF CONTRACT
    LIMITED, a Nova Scotia limited      )   5. IMPOSITION OF CONSTRUCTIVE TRUST;
15  corporation; and DOES 1 through 100, )      AND
    inclusive,                          )   6. PRELIMINARY & PERMANENT
16                                       )      INJUNCTION
              Defendants.                )
17  _____)

18

19        Plaintiff Reid Jilek alleges follows:

20                          I.  GENERAL ALLEGATIONS

21        1.    Plaintiff Reid Jilek is an individual residing in the County of San Diego, California, at

22  all times mentioned herein.

23        2.    Plaintiff is informed and believes and thereon alleges that Defendant Epitome

24  Pharmaceuticals Limited (hereinafter "Defendant") is a Nova Scotia, Canadian limited corporation.

25        3.    The true names and capacities of Defendants Does 1 through 100 (the "Doe

26  Defendants"), inclusive, are unknown to Plaintiff, who therefore sues said Doe Defendants by such

27  fictitious names pursuant to Section 474 of the California Code of Civil Procedure.  Plaintiff is

28  informed and believes, and thereon alleges, that Does 1 through 100 are in some capacity

                                          1
                    COMPLAINT FOR DECLARATORY RELIEF      EXHIBIT __B__ PAGE __32__

1   responsible for the acts and omissions and damages herein alleged. Plaintiff will seek leave of the

2   Court to amend this Complaint when said names and true capacities have been ascertained.

3         4.    Plaintiff is informed and believes, and thereon alleges that at all times mentioned

4   herein, except as otherwise stated, each of the Defendants and Doe Defendants, were the agents,

5   employees, subsidiaries, licensors, sublicensors, or affiliates of each of the remaining Defendants.

6   Plaintiff is informed and believes and thereon alleges that in doing the things herein alleged, such

7   Defendants and Doe Defendants were acting within the scope of their agency, subsidiary, licensing,

8   employment or affiliates agreements.

9                  **II. JURISDICTIONAL & VENUE ALLEGATIONS**

10        5.    On or about October 28, 1997, Plaintiff entered into a written agreement (the

11   "Agreement") with the Defendant. A true and correct copy of the Agreement is attached hereto as

12   Exhibit. A.

13        6.    The Agreement was entered into in San Diego County, California. Under the

14   Agreement Plaintiff was to secure introductions with companies in a position to manufacture,

15   market, and possibly finance an ointment known as Wart Heal being developed by the Defendant. In

16   exchange for Plaintiff's services, Defendant agreed to pay Plaintiff 5% of the net royalty stream

17   from the sale of the ointment. Plaintiff performed services for Defendant in California in general

18   and in San Diego County specifically.

19        7.    At the time the Agreement was signed by the Plaintiff, Plaintiff is informed and

20   believes and thereon alleges that Defendant was doing business in San Diego County under the name

21   of "Epitome Limited", which had a business office located at 3920 Goldfinch Street, San Diego, CA

22   92103.

23        8.    The Agreement was signed by Paul T. Wegener ("Wegener") in San Diego County,

24   California. Wegener was living in San Diego County and was the President, an officer, a director

25   and an agent of the Defendant, in San Diego County, California, at the time the Agreement was

26   signed. Plaintiff is informed and believes and thereon alleges that Wegner's contacts and activities

27   within the State of California are imputed to Defendant and establish minimum contacts within the

28   State of California.

9.    Plaintiff is informed and believes and thereon alleges that at the time the Agreement was entered into with the Plaintiff, the Defendant was doing business in the State of California, and the Defendant is currently doing business in the State of California with a licensing partner who has an office in San Diego County, California.

10.    In the latter part of 1999, a dispute arose between Plaintiff and the Defendant regarding the interpretation of the "5% of the net royalty stream" language in the Agreement. The parties resolved that dispute and agreed to a "Confidentiality Agreement" on or about February 22, 2000.

11.    The Confidentiality Agreement provides that: "This Agreement shall be governed by and construed and enforced in accordance with, the laws of the State of California."

### III.  FIRST CAUSE OF ACTION

### (Declaratory Relief against All Defendants).

12.    Plaintiff refers to and incorporates herein by reference all preceding paragraphs of the Complaint.

13.    On or about March 1, 2000, Defendant sent a letter to its licensing partner, MediGene AG. A true and correct copy of that letter is attached hereto as Exhibit B and incorporated herein by reference. Ex. B confirmed Defendant's agreement with Plaintiff and requested that when and if any royalties were to become payable to the Defendant, that MediGene "retain 5% of each royalty payment due Epitome and forward such 5% share to Dr. Reid Jilek."

14.    On or about February 8, 2008, Defendant informed Plaintiff that there had not yet been any sales of Defendant's ointment and therefore no royalties had yet been paid to the Defendant. At that same time, Defendant informed Plaintiff, for the first time, that Plaintiff was not entitled to any royalties under the Agreement and that the Confidentiality Agreement and other correspondence and documents issued by the Defendant that confirmed Plaintiff's entitlement to such royalties (such as Ex. B) were signed by the Defendant under duress and were "not legally binding."

15.    Plaintiff is informed and believes and thereon alleges that under the terms of the Agreement he is entitled to "5% of the net royalty stream resulting from the sales of Wart Heal

3

1   ointment." Plaintiff is further informed and believes that pursuant to the terms of the Agreement,

2   Defendant was required to include Plaintiff's entitlement to such royalties "into the final licensing

3   agreement for Wart Heal " with any of Defendant's strategic partners for Wart Heal.

4          16.    Defendant confirmed Plaintiff's entitlement to the Wart Heal royalties in the terms of

5   Ex. B.

6          17.    An actual controversy exists between Plaintiff and the Defendants herein, and each of

7   them, in that Plaintiff contends he is entitled to 5% of Defendant's net royalties for Wart Heal, and

8   that his entitlement to such royalties was voluntarily confirmed by the Defendants in Ex. B.

9   Defendants contend that Plaintiff is not entitled to such royalties under the Agreement and that Ex. B

10  was signed by the Defendants under duress and are therefore not legally binding.

11         18.    Plaintiff and Defendants desire a judicial determination of their respective rights,

12  duties and obligations under the Agreement.  A judicial determination is both necessary and

13  appropriate at this time in order that the parties may ascertain their respective rights, obligations and

14  liabilities, if any, with respect to the Agreement.

15                          **IV. SECOND CAUSE OF ACTION**

16                          **(Accounting - All Defendants)**

17         19.    Plaintiff refers to and incorporates herein by reference all preceding paragraphs of the

18  Complaint.

19         20.    Plaintiff is informed and believes and thereon alleges that beginning in 2008

20  Defendant has started to receive  royalty payments and monies associated with its Wart Heal

21  product, a portion of which is due to Plaintiff pursuant to the Agreement.

22         21.    The amount of money due from Defendant to Plaintiff is unknown and cannot be

23  ascertained without an accounting of the receipts from Defendant's operations.

24         22.    Plaintiff has demanded that Defendant account for the aforementioned royalty monies

25  and pay the amount found to be due to Plaintiff, but Defendant has failed and refused, and continues

26  to fail and refuse, to render the accounting and pay the Plaintiff.

27  / / /

28  / / /

EXHIBIT  B  PAGE 25

## V. THIRD CAUSE OF ACTION

### (Anticipatory Breach of Contract - All Defendants)

23.  Plaintiff refers to and incorporates herein by reference all the preceding Paragraphs of the Complaint.

24.  Plaintiff has fully performed and satisfied all his obligations under the Agreement with Defendant.

25.  On or about February 8, 2008, Defendant informed Plaintiff that there were not yet any royalties payable for Wart Heal under the Agreement and also informed Plaintiff that Defendant would not honor or fulfill the terms of the Agreement.

26.  As Defendant has indicated that even when royalties payments are received for Wart Heal, it does not intend to forward any portion of such royalties to the Plaintiff, Defendant has breached the Agreement.

27.  Plaintiff has been damaged in an amount to proven at trial, which damages include 5% of all the future net royalties received by Defendant that are associated with Wart Heal. Plaintiff will amend this complaint to allege the full extent of his damages when they have been ascertained.

## VI. FOURTH CAUSE OF ACTION

### (Bad Faith Denial of Contract - All Defendants)

28.  Plaintiff refer to and incorporate herein by reference all preceding Paragraphs of the Complaint.

29.  Plaintiff performed under the terms of the Agreement. For several years, both in their actions and their correspondence with the Plaintiff, Defendant confirmed the existence of the Agreement between Plaintiff and Defendant.

30.  In or about February 2008, Defendant breached the Agreement, informed Plaintiff it would not perform its obligations under the Agreement, and denied the existence and validity of the Agreement with the Plaintiff as set forth above.

31.  Defendant's denial of the Agreement was done in bad faith and without probable cause.

32.  Plaintiff has been damaged in an amount to be proven at trial.

/ / /

EXHIBIT _B_ PAGE _26_

## VII.  FIFTH CAUSE OF ACTION

**(Imposition of Constructive Trust & Request for Preliminary and Permanent Injunction-All Defendants)**

33.   Plaintiff refers to and incorporates herein by reference all preceding Paragraphs of the Complaint.

34.   Plaintiff is informed and believes and thereon alleges that Defendant has already or will soon be receiving royalties from the sale of Wart Heal.  Those royalty payments will be easily identifiable and can be segregated into a separate fund.

35.   In or about February, 2008 Plaintiff demanded that Defendant begin honoring the terms of the Agreement and convey the 5% net royalty payments due Plaintiff under the Agreement. Defendant has failed and refused to convey to Plaintiff the 5% net royalty payments.

36.   Plaintiff is informed and believes and t hereon alleges that at the time Defendant made the promises to Plaintiff, as set forth above, Defendant had no intention of performing them.

37.   Plaintiff is informed and believes and thereon alleges that Defendant made these promises to Plaintiff with the intent to defraud Plaintiff and to induce Plaintiff to perform under the terms of the Agreement, allowing Defendant to reap the benefit of Plaintiff's performance under the Agreement, while keeping the profits from Plaintiff's performance to itself.

38.   At the time these promises were made and at the time Plaintiff acted in reliance on them, Plaintiff was ignorant of Defendant's secret intention not to perform, and Plaintiff could not, in the exercise of reasonable diligence, have discovered Defendant's secret intention and therefore acted reasonably in relying on Defendant's promises.  Had Plaintiff know of Defendant's secret intention not to perform, Plaintiff would not have acted in reliance on Defendant's promises.

39.   By virtue of its fraudulent acts, Defendant holds the 5% net royalty payments associated with the Wart Heal product as a constructive trustee for the Plaintiff's benefit.

40.   Plaintiff has requested that Defendant provide an accounting and a statement of 5% of net royalty payments collected, to which Plaintiff is rightfully entitled under the Agreement,  but Defendant has refused these requests.

41.   Plaintiff is informed and believes and thereon alleges that he is entitled to a constructive trust on the Wart Heal royalty payments in order to ensure that Defendant does not turn

EXHIBIT  B  PAGE  27

1   these payments over to others or dissipate these royalty payments in any fashion during the

2   pendency of this litigation.

3       WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

4       1.   For general damages according to proof at trial;

5       2.   For special damages according to proof at trial;

6       3.   For interest thereon according to proof at trial;

7       4.   For reasonable attorneys' fees and costs;

8       5.   For an accounting between the Plaintiff and Defendants;

9       6.   For payment over to Plaintiff of the amount due from Defendant as a result of the

10   account and interest on that amount from and after the date of the filing of this complaint;

11       7.   For an order declaring that Defendant holds 5% of the net royalty payments received

12   from the sale of Wart Heal in trust for the Plaintiff;

13       8.   For a temporary restraining order, preliminary injunction and permanent injunction

14   enjoining Defendant and its agents, servants, employees, and all persons acting under, in concert

15   with, or for Defendant from dissipating the proceeds it receives from the sale of the Wart Heal

16   product.

17       9.   For such other and further relief as the Court may deem just and proper.

18

19

20   Dated:    February 28, 2008        **KEENEY WAITE & STEVENS**
                            A Professional Corporation

21

22                            By:    _Mary Best_

23                                 Richard R. Waite
                                Mary M. Best

24                                 Attorneys for Plaintiff
                                REID JILEK

25

26

27

28

COMPLAINT FOR DECLARATORY RELIEF

EXHIBIT __B__ PAGE __28__

# A

EXHIBIT $\underline{B}$ PAGE $\underline{29}$

**EPITOME LIMITED**

3920 GOLDFINCH STREET, SAN DIEGO, CA 92103
(619) 298-4279, FAX AT SAME NUMBER

28 October, 1997

Dear Dr. Jilek:

I am interested in establishing a relationship where you can serve my enterprises and where you will be equitably compensated for your efforts. I understand that your interest and service to a company is based on success, and that you prefer a long-term compensation from the royalty stream; I share both of these attitudes and practice them in the other companies with which I am associated.

In return for your long-term involvement with Epitome Pharmaceuticals, Ltd., I offer 5% of the net royalty stream resulting from the sales of Wart Heal ointment for genital warts. This 5% royalty will be incorporated into the final licensing agreement for Wart Heal to the strategic partner. You will bear your ordinary expenses; extraordinary expenses such as travel specifically for Epitome will be discussed as the occasion arises.

In return, you will be active on our behalf in a variety of roles, from securing introductions with companies positioned to manufacture and market the medication to helping obtain financing, if necessary, or any other assistance you feel would increase the chances of overall success of the venture. I hope to have Epitome become part of the group of ventures you enjoy caring for and fostering.

If this is satisfactory, please countersign and return a copy of this letter agreement.

Sincerely yours,

Paul T. Wegener
President

PTW/ccl

Agreed this 30ᵗʰ day of October, 1997:

Dr. Reid Jilek, Ph.D.

# B

MAR-24-2000 20:25 FROM:SLONE & MUNRO     4920013          TO:6192981220        P.002/027

# EPITOME PHARMACEUTICALS LIMITED

5162 DUKE ST., SUITE 501, HALIFAX, N.S.  B3J 1N7
PH: (902) 429-9247, FX (902) 492-0013; E-MAIL SLONEMUN@NS.SYMPATICO.CA

March 1, 2000

*by fax to:*     *011 49-89 89 56 32-20*

Martin Poehlchen
Vice-President
MediGene AG
Lochhamer Strasse 11
82152 Planegg/Martinsried
Bavaria, Germany

Dear Dr. Poehlchen,

> Re:     **Epitome Pharmaceuticals – Administrative Issues**

I write to provide a direction with respect to royalties paid to Epitome Pharmaceuticals under either the present agreement between our two companies or any future agreement between us.

Some years ago, when Paul Wegener was seeking a funding partner for the green tea medication, he enlisted the aid of Dr. Reid Jilek, a man with contacts in the pharmaceutical industry.  Under his agreement with Dr. Jilek, the latter was to seek investors in Epitome in return for a 5% share of Epitome's royalties from the sale of green tea based treatment for genital warts.

Epitome recently resolved a disagreement it has had with Dr. Jilek with respect to his entitlement under that agreement and the company has now agreed to advise our licensing partner to forward to Dr. Jilek a percentage of our royalties, if any, from the polyphenon based treatment of genital warts.

Accordingly we would ask that you kindly do the following:

1.     In the event that royalties based on sales of products employing green tea polyphenols to treat genital warts become payable to Epitome by MediGene under the existing or any future agreement between our two companies, please retain 5% of each royalty payment due Epitome and forward such 5% share to Dr. Reid Jilek c/o Connor, Packer & Dunivan 3400 Fourth Avenue, San Diego California 29103.

2.     At the time you forward to Epitome's reports with respect to the calculation of royalties due Epitome on the sale of products for the treatment of genital warts based on green tea

EXHIBIT  B  PAGE  32

polyphenols, please forward a copy of such reports as well to Dr. Jilek at the same address.

3.  We would appreciate it if you would please sign this letter below and return by fax to Epitome in acknowledgment of your having received these instructions. This will enable us to demonstrate to Dr. Jilek that we have fulfilled our agreement with respect to his share of Epitome royalties from the treatment of genital warts through green tea polyphenols.

If you have any questions regarding the above please contact me or Paul. We appreciate your attention to this matter.

Best regards,

Andrew J.M. Munro

MediGene acknowledges receipt of this direction from Epitome Pharmaceuticals Ltd.

_____
Dr. Martin Poehlchen

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00079007-CU-BC-CTL        CASE TITLE: Jilek vs. Epitome Pharmaceuticals Limited

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative  dispute resolution options for amenable and eligible cases.  The use of ADR will be discussed at all Case Management Conferences.  It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute.  All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program.  Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically.  Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute.  In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do.  Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial.  It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC.  Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter.  Parties may select any mediator,  however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must  adhere to ethical standards.  All court-approved mediator fees and other policies are listed in the Mediator Directory at each  court location to assist parties with selection.  Discovery: Parties do not need to conduct full discovery in the case before  mediation is considered, utilized or referred.  Attendance at Mediation: Trial counsel, parties and all persons with full  authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award.  The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial.  The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time.  Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding.  If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue".  The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees.  Superior Court

EXHIBIT_ *B* PAGE_34

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

EXHIBIT _B_ PAGE _35_

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |

STREET ADDRESS:       330 West Broadway

MAILING ADDRESS:      330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827

BRANCH NAME:         Central

PLAINTIFF(S):   Reid Jilek

DEFENDANT(S): Epitome Pharmaceuticals Limited

SHORT TITLE:    JILEK VS. EPITOME PHARMACEUTICALS LIMITED

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)** | CASE NUMBER: 37-2008-00079007-CU-BC-CTL |
|---|---|

Judge: Michael M. Anollo                                    Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program            ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                  ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                          ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                  ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____            Date: _____

Name of Plaintiff                          Name of Defendant

Signature                                  Signature

Name of Plaintiff's Attorney               Name of Defendant's Attorney

Signature                                  Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 02/29/2008                          _____

                                           JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)                                                Page: 1

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**

EXHIBIT __B__ PAGE __36__

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MARY M. BEST (SBN 110220)<br>MARY M. BEST (SBN 110220)<br>KEENEY WAITE & STEVENS<br>125 NORTH ACACIA AVENUE, SUITE 101<br>SOLANA BEACH, CA 92075<br>TELEPHONE NO.: (858) 523-2130    FAX NO.: (858) 523-2135<br>ATTORNEY FOR (Name): REID JILEK | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME: Reid Jilek v. Epitome Pharmaceuticals Ltd.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2008-00079007-CU-BC-CTL<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [X] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 5
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: February 28, 2008

MARY M. BEST (SBN 110220)
(TYPE OR PRINT NAME)

▶ _Mary Best_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740<br>Legal Solutions Plus |

EXHIBIT _A_ PAGE _37_

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice— Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:     330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:  San Diego, CA 92101
BRANCH NAME:        Central
TELEPHONE NUMBER:   (619) 685-6151

PLAINTIFF(S) / PETITIONER(S):     Reid Jilek

DEFENDANT(S) / RESPONDENT(S):  Epitome Pharmaceuticals Limited

JILEK VS. EPITOME PHARMACEUTICALS LIMITED

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00079007-CU-BC-CTL |
|---|---|

Judge:  Michael M. Anello                                    Department: C-72

**COMPLAINT/PETITION FILED:** 02/29/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

EXHIBIT _β_ PAGE _3ꟼ_

# EXHIBIT B

EXHIBIT _B_ PAGE_ 40_

MICHAEL S. TRACY (Bar No. 101456)
JILLIAN L. PROCTOR (Bar No. 246989)
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

Attorneys for Defendant
EPITOME PHARMACEUTICALS LIMITED

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO, CENTRAL DIVISION

REID JILEK,

           Plaintiff,

    v.

EPITOME PHARMACEUTICALS LIMITED,
a Nova Scotia limited corporation, and DOES 1
to 100, inclusive,

           Defendant.

CASE NO. 37-2008-00079007-CU-BC-CTL

**NOTICE TO SUPERIOR COURT AND TO
ADVERSE PARTY OF REMOVAL TO
THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF CALIFORNIA**

Dept.C-72
Judge:  Hon. Michael M. Anello
Complaint Filed:  February 29, 2008

LA PIPER US LLP

EXHIBIT ___B___ PAGE __41__

1   **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF**

2   **REID JILEK AND HIS ATTORNEYS OF RECORD:**

3       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant

4   EPITOME PHARMACEUTICALS LIMITED ("Epitome") removed the above-referenced action

5   from the Superior Court of California for the County of San Diego to the United States District

6   Court for the Southern District of California. The grounds for this removal are set forth in the

7   Notice of Removal attached to this document as Exhibit A.

8       PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d), the filing of

9   this Notice shall effect the removal and the State Court shall proceed no further unless and until

10  the case is remanded.

11  Dated:  April 10, 2008

                                DLA PIPER US LLP

12

13

14                              By

15                                  MICHAEL S. TRACY
                                    JILLIAN L. PROCTOR
                                    Attorneys for Defendant
16                                  EPITOME PHARMACEUTICALS LIMITED

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101-4297.  On April 9, 2008, I served the within documents:

> NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY
> OF REMOVAL TO THE UNITED STATES DISTRICT COURT
> FOR THE SOUTHERN DISTRICT OF CALIFORNIA

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Richard R. Waite
Mary M. Best
Keeney Waite & Stevens
A Professional Corporation
125 North Acacia Avenue, Suite 101
Solana Beach, CA 92075
Telephone:    858.523.2130
Facsimile:    858.523.2135

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 9, 2008, at San Diego, California.

_____
Connie Garner

# EXHIBIT C

EXHIBIT __B__ PAGE __44__

1  MICHAEL S. TRACY (Bar No. 101456)
   JILLIAN L. PROCTOR (Bar No. 246989)
2  **DLA PIPER US LLP**
   401 B Street. Suite 1700
3  San Diego, CA 92101-4297
   Tel: 619.699.2700
4  Fax: 619.699.2701

5  Attorneys for Defendant
   EPITOME PHARMACEUTICALS LIMITED

6

7

8                 SUPERIOR COURT OF CALIFORNIA

9            COUNTY OF SAN DIEGO, CENTRAL DIVISION

10 | REID JILEK, an individual,          | CASE NO. 37-2008-00079007-CU-BC-CTL

11 |              Plaintiff,             | **ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO PLAINTIFF'S COMPLAINT**

12 |      v.

13 | EPITOME PHARMACEUTICALS           | Dept.      C-72
   | LIMITED, a Nova Scotia limited    | Judge:     Hon. Michael M. Anello
14 | corporation; and DOES 1 through 100,
   | inclusive,                        | Complaint:  February 29, 2008
15 |
   |              Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B PAGE 45

1   Defendant EPITOME PHARMACEUTICALS LIMITED ("Epitome"), a Nova Scotia

2   limited corporation, answers the allegations in Plaintiff REID JILEK'S ("Plaintiff") unverified

3   complaint as follows:

## GENERAL DENIAL

5   Pursuant to California Code of Civil Procedure Section 431.30, Epitome denies generally

6   and specifically each and every allegation contained in Plaintiff's unverified complaint and each

7   cause of action contained therein.  Epitome further denies that Plaintiff has sustained or will

8   sustain injuries or damages in the nature alleged in the complaint or otherwise.  Epitome

9   specifically denies that Plaintiff has been damaged in the manner alleged, or in the sum or sums

10  alleged or to be alleged, or in any amount or sum, by any act of Epitome.

## AFFIRMATIVE DEFENSES

12  As a further and separate answer to Plaintiff's complaint, and to each and every alleged

13  cause of action therein, by way of affirmative defenses, Epitome alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

16  Plaintiff's complaint, and each and every cause of action therein, fails to state facts

17  sufficient to state a cause of action against Epitome.

## SECOND AFFIRMATIVE DEFENSE

### (Barred By the Statutes of Limitation)

20  Plaintiff's complaint, and each and every cause of action therein, is barred, in whole or in

21  part, by the applicable statute of limitations, including, but not limited to California Code of Civil

22  Procedure sections 337, 339, and 343.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

25  Plaintiff's unreasonable delay in bringing this action has prejudiced Epitome such that

26  Plaintiff's claims are barred by the doctrine of laches.

27  /////

28  /////

-1-

EXHIBIT  B  PAGE  46

1    <u>**FOURTH AFFIRMATIVE DEFENSE**</u>

2    **(Failure to Mitigate Damages)**

3    Plaintiff's claims are barred in whole or in part because Plaintiff has failed to take

4    reasonable steps to mitigate or minimize damages and cannot recover any amount he could have

5    avoided by taking reasonable steps; therefore, his recover, if any, should be reduced by his failure

6    to mitigate his damages, if any.

7    <u>**FIFTH AFFIRMATIVE DEFENSE**</u>

8    **(Failure of Consideration)**

9    Plaintiff's causes of action, and each of them, are barred by reason of the failure of

10    consideration offered in connection with any alleged agreement.

11    <u>**SIXTH AFFIRMATIVE DEFENSE**</u>

12    **(Failure of Performance)**

13    Plaintiff cannot be heard to complain of any breach or denial of any alleged agreement

14    due to the failure of Plaintiff to fully perform under the terms of the alleged agreement.

15    <u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

16    **(Uncertainty)**

17    Any alleged agreement is unenforceable due to the uncertainty of the essential terms and

18    conditions of said agreement.

19    <u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

20    **(Failure of Conditions Precedent)**

21    Any alleged agreement is unenforceable due to the failure of Plaintiff to perform

22    conditions precedent and to establish any duty for Epitome to perform.

23    <u>**NINTH AFFIRMATIVE DEFENSE**</u>

24    **(Failure of Conditions Concurrent)**

25    Any alleged agreement is unenforceable due to the failure of Plaintiff to perform

26    conditions concurrent required to establish any duty for Epitome to perform.

27    /////

28    /////

A PIPER RUDNICK    SD\1789415.1    ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
AY CARY US LLP    PLAINTIFF'S COMPLAINT

**EXHIBIT** _B_ **PAGE** _47_

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Mistake)

3      To the extent that any alleged agreement has the effect intended by Plaintiff, the alleged

4  agreement was the product of mistake and is therefore unenforceable.

5

## ELEVENTH AFFIRMATIVE DEFENSE

6

### (Fraud)

7      To the extent that any agreement with terms as alleged by Plaintiff exists or existed

8  between Plaintiff and Epitome, the agreement was the product of fraud on the part of Plaintiff and

9  is therefore unenforceable.

10

## TWELFTH AFFIRMATIVE DEFENSE

11

### (Estoppel)

12      As a result of Plaintiff's representations, acts, and/or omissions, the complaint, and each

13  and every cause of action therein, is barred by the doctrine of estoppel.

14

## THIRTEENTH AFFIRMATIVE DEFENSE

15

### (Waiver)

16      Plaintiff has engaged in conduct and activities with respect to the subject matter of this

17  action by reason of which they have waived any claims or demands, if any, against Epitome.

18

## FOURTEENTH AFFIRMATIVE DEFENSE

19

### (Consent)

20      Plaintiff's acts, conduct and/or statements constituted consent to the alleged acts and/or

21  conduct set forth in the complaint.

22

## FIFTEENTH AFFIRMATIVE DEFENSE

23

### (Prevention of Performance)

24      To the extent Plaintiff alleges Epitome failed to perform under the terms of any alleged

25  agreement, Epitome's performance was prevented by Plaintiff, thereby excusing Epitome's

26  performance.

27  /////

28  /////

-3-

LA PIPER RUDNICK    SD\1789415.1    ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
RAY CARY US LLP                     PLAINTIFF'S COMPLAINT

EXHIBIT  B  PAGE  48

1    <u>**SIXTEENTH AFFIRMATIVE DEFENSE**</u>

2    **(Unclean Hands)**

3    Plaintiff's acts, conduct and/or statements constitute unclean hands which bars any

4    recovery under the complaint.

5    <u>**SEVENTEENTH AFFIRMATIVE DEFENSE**</u>

6    **(Frustration of Purpose)**

7    Plaintiff's alleged causes of action are barred because the object and/or purpose of any

8    alleged agreement was frustrated due to circumstances beyond Epitome's control.

9    <u>**EIGHTEENTH AFFIRMATIVE DEFENSE**</u>

10    **(Abandonment)**

11    Plaintiff's alleged causes of action are barred because Plaintiff abandoned any alleged

12    agreement.

13    <u>**NINETEENTH AFFIRMATIVE DEFENSE**</u>

14    **(Additional Terms)**

15    Plaintiff is barred from recovery under the causes of action alleged in the complaint

16    because any agreement referenced therein fails to include additional terms agreed to by the parties

17    under which Plaintiff has not performed or Epitome has fully performed, unless excused.

18    <u>**TWENTIETH AFFIRMATIVE DEFENSE**</u>

19    **(Modification)**

20    Plaintiff is denied recovery under the causes of action alleged in the complaint because

21    any agreement referenced therein was modified by terms under which Epitome has fully

22    performed, unless excused.

23    <u>**TWENTY-FIRST AFFIRMATIVE DEFENSE**</u>

24    **(Fault of Others)**

25    Plaintiff is denied recovery against Epitome under the causes of action in the complaint, in

26    whole or in part, because the fault or negligence of other persons or entities proximately caused

27    some or all of Plaintiff's alleged damages, and accordingly Plaintiff's recovery against Epitome

28    must be reduced in portion to the fault or negligence of such other persons.

-4-

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

### (Set Off)

3    Epitome denies any liability under the complaint.  However, if any liability should be

4    found, Epitome alternatively alleges that any sums due and owing Plaintiff are offset by sums due

5    and owing Epitome from Plaintiff.

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

7

### (Duress/Coercion)

8    To the extent that any agreement with terms as alleged by Plaintiff exists or existed

9    between Plaintiff and Epitome, the agreement was the product of duress and/or coercion on the

10    part of Plaintiff and is therefore unenforceable.

11

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

12

### (Unconscionability)

13    Any alleged agreement is unenforceable due to unconscionability, and thus is invalid

14    under section 1670.5 of California's Civil Code.

15

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

16

### (Excuse)

17    Plaintiff is denied recovery against Epitome under the causes of action in the complaint, in

18    whole or in part, because Epitome was, and is, excused from performing the obligations

19    complained of in the complaint because of Plaintiff's own breaches of contract, anticipatory

20    breaches, and wrongful conduct.

21

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

22

### (Negligent Misrepresentation)

23    To the extent that any agreement with terms as alleged by Plaintiff exists or existed

24    between Plaintiff and Epitome, the agreement was the product of negligent misrepresentation on

25    the part of Plaintiff and is therefore unenforceable.

26    /////

27    /////

28    /////

.A PIPER RUDNICK
AY CARY US LLP

SD\1789415.1

ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
PLAINTIFF'S COMPLAINT

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Discharge of Duties)

Plaintiff is denied recovery against Epitome under the causes of action in the complaint, in whole or in part, because Epitome appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Right to Amend)

Epitome presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Epitome reserves the right to amend its Answer and assert additional affirmative defenses upon revelation of definitive facts by Epitome and upon Epitome's undertaking of discovery and investigation into this matter.

## PRAYER

WHEREFORE, Epitome prays for judgment against Plaintiff as follows:

1.    That Plaintiff take nothing by way of the complaint;

2.    That judgment be entered in favor of Epitome;

3.    That Epitome be awarded its attorneys' fees and costs incurred herein; and

4.    For such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: April 9, 2008                    DLA PIPER US LLP

By _____
MICHAEL S. TRACY
JILLIAN L. PROCTOR
Attorneys for Defendants
EPITOME PHARMACEUTICALS LIMITED

'LA PIPER RUDNICK
iRAY CARY US LLP

SD\1789415.1          ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
PLAINTIFF'S COMPLAINT

EXHIBIT B PAGE 51

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101-4297. On April 9, 2008, I served the within documents:

ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS
LIMITED TO PLAINTIFF'S COMPLAINT

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Richard R. Waite
Mary M. Best
Keeney Waite & Stevens
A Professional Corporation
125 North Acacia Avenue, Suite 101
Solana Beach, CA 92075
Telephone:    858.523.2130
Facsimile:     858.523.2135

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 9, 2008, at San Diego, California.

_____
Connie Garner

DLA PIPER US LLP
SAN DIEGO

EXHIBIT _B_ PAGE _52_

PROOF OF SERVICE

**EXHIBIT C**

1   MICHAEL S. TRACY (Bar No. 101456)
    JILLIAN L. PROCTOR (Bar No. 246989)
2   **DLA PIPER US LLP**
    401 B Street. Suite 1700
3   San Diego, CA  92101-4297
    Tel:  619.699.2700
4   Fax:  619.699.2701

5   Attorneys for Defendant
    EPITOME PHARMACEUTICALS LIMITED

6

7

8                  SUPERIOR COURT OF CALIFORNIA

9                COUNTY OF SAN DIEGO, CENTRAL DIVISION

10  REID JILEK, an individual,              CASE NO. 37-2008-00079007-CU-BC-CTL

11              Plaintiff,                   **ANSWER OF DEFENDANT EPITOME
                                             PHARMACEUTICALS LIMITED TO
12        v.                                 PLAINTIFF'S COMPLAINT**

13  EPITOME PHARMACEUTICALS             Dept.     C-72
    LIMITED, a Nova Scotia limited       Judge:    Hon. Michael M. Anello
14  corporation; and DOES 1 through 100,
    inclusive,                          Complaint:  February 29, 2008
15
                Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___ PAGE_ 53

1    Defendant EPITOME PHARMACEUTICALS LIMITED ("Epitome"), a Nova Scotia

2    limited corporation, answers the allegations in Plaintiff REID JILEK'S ("Plaintiff") unverified

3    complaint as follows:

## GENERAL DENIAL

5    Pursuant to California Code of Civil Procedure Section 431.30, Epitome denies generally

6    and specifically each and every allegation contained in Plaintiff's unverified complaint and each

7    cause of action contained therein.  Epitome further denies that Plaintiff has sustained or will

8    sustain injuries or damages in the nature alleged in the complaint or otherwise.  Epitome

9    specifically denies that Plaintiff has been damaged in the manner alleged, or in the sum or sums

10    alleged or to be alleged, or in any amount or sum, by any act of Epitome.

## AFFIRMATIVE DEFENSES

12    As a further and separate answer to Plaintiff's complaint, and to each and every alleged

13    cause of action therein, by way of affirmative defenses, Epitome alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

16    Plaintiff's complaint, and each and every cause of action therein, fails to state facts

17    sufficient to state a cause of action against Epitome.

## SECOND AFFIRMATIVE DEFENSE

### (Barred By the Statutes of Limitation)

20    Plaintiff's complaint, and each and every cause of action therein, is barred, in whole or in

21    part, by the applicable statute of limitations, including, but not limited to California Code of Civil

22    Procedure sections 337, 339, and 343.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

25    Plaintiff's unreasonable delay in bringing this action has prejudiced Epitome such that

26    Plaintiff's claims are barred by the doctrine of laches.

27    /////

28    /////

LA PIPER RUDNICK
RAY CARY US LLP

SD\1789415.1

-1-

ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
PLAINTIFF'S COMPLAINT

EXHIBIT C PAGE 54

1
2
## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

3    Plaintiff's claims are barred in whole or in part because Plaintiff has failed to take

4 reasonable steps to mitigate or minimize damages and cannot recover any amount he could have

5 avoided by taking reasonable steps; therefore, his recover, if any, should be reduced by his failure

6 to mitigate his damages, if any.

7
## FIFTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

8
9    Plaintiff's causes of action, and each of them, are barred by reason of the failure of

10 consideration offered in connection with any alleged agreement.

11
## SIXTH AFFIRMATIVE DEFENSE

### (Failure of Performance)

12
13    Plaintiff cannot be heard to complain of any breach or denial of any alleged agreement

14 due to the failure of Plaintiff to fully perform under the terms of the alleged agreement.

15
## SEVENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

16
17    Any alleged agreement is unenforceable due to the uncertainty of the essential terms and

18 conditions of said agreement.

19
## EIGHTH AFFIRMATIVE DEFENSE

### (Failure of Conditions Precedent)

20
21    Any alleged agreement is unenforceable due to the failure of Plaintiff to perform

22 conditions precedent and to establish any duty for Epitome to perform.

23
## NINTH AFFIRMATIVE DEFENSE

### (Failure of Conditions Concurrent)

24
25    Any alleged agreement is unenforceable due to the failure of Plaintiff to perform

26 conditions concurrent required to establish any duty for Epitome to perform.

27    /////

28    /////

A PIPER RUDNICK
AY CARY US LLP

SD\1789415.1

ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
PLAINTIFF'S COMPLAINT

EXHIBIT ___ PAGE 55

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Mistake)

3    To the extent that any alleged agreement has the effect intended by Plaintiff, the alleged

4    agreement was the product of mistake and is therefore unenforceable.

5

## ELEVENTH AFFIRMATIVE DEFENSE

6

### (Fraud)

7    To the extent that any agreement with terms as alleged by Plaintiff exists or existed

8    between Plaintiff and Epitome, the agreement was the product of fraud on the part of Plaintiff and

9    is therefore unenforceable.

10

## TWELFTH AFFIRMATIVE DEFENSE

11

### (Estoppel)

12    As a result of Plaintiff's representations, acts, and/or omissions, the complaint, and each

13    and every cause of action therein, is barred by the doctrine of estoppel.

14

## THIRTEENTH AFFIRMATIVE DEFENSE

15

### (Waiver)

16    Plaintiff has engaged in conduct and activities with respect to the subject matter of this

17    action by reason of which they have waived any claims or demands, if any, against Epitome.

18

## FOURTEENTH AFFIRMATIVE DEFENSE

19

### (Consent)

20    Plaintiff's acts, conduct and/or statements constituted consent to the alleged acts and/or

21    conduct set forth in the complaint.

22

## FIFTEENTH AFFIRMATIVE DEFENSE

23

### (Prevention of Performance)

24    To the extent Plaintiff alleges Epitome failed to perform under the terms of any alleged

25    agreement, Epitome's performance was prevented by Plaintiff, thereby excusing Epitome's

26    performance.

27    /////

28    /////

EXHIBIT C PAGE 56

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3      Plaintiff's acts, conduct and/or statements constitute unclean hands which bars any

4 recovery under the complaint.

5

## SEVENTEENTH AFFIRMATIVE DEFENSE

6

### (Frustration of Purpose)

7      Plaintiff's alleged causes of action are barred because the object and/or purpose of any

8 alleged agreement was frustrated due to circumstances beyond Epitome's control.

9

## EIGHTEENTH AFFIRMATIVE DEFENSE

10

### (Abandonment)

11      Plaintiff's alleged causes of action are barred because Plaintiff abandoned any alleged

12 agreement.

13

## NINETEENTH AFFIRMATIVE DEFENSE

14

### (Additional Terms)

15      Plaintiff is barred from recovery under the causes of action alleged in the complaint

16 because any agreement referenced therein fails to include additional terms agreed to by the parties

17 under which Plaintiff has not performed or Epitome has fully performed, unless excused.

18

## TWENTIETH AFFIRMATIVE DEFENSE

19

### (Modification)

20      Plaintiff is denied recovery under the causes of action alleged in the complaint because

21 any agreement referenced therein was modified by terms under which Epitome has fully

22 performed, unless excused.

23

## TWENTY-FIRST AFFIRMATIVE DEFENSE

24

### (Fault of Others)

25      Plaintiff is denied recovery against Epitome under the causes of action in the complaint, in

26 whole or in part, because the fault or negligence of other persons or entities proximately caused

27 some or all of Plaintiff's alleged damages, and accordingly Plaintiff's recovery against Epitome

28 must be reduced in portion to the fault or negligence of such other persons.

-4-

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

### (Set Off)

3    Epitome denies any liability under the complaint.  However, if any liability should be

4  found, Epitome alternatively alleges that any sums due and owing Plaintiff are offset by sums due

5  and owing Epitome from Plaintiff.

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

7

### (Duress/Coercion)

8    To the extent that any agreement with terms as alleged by Plaintiff exists or existed

9  between Plaintiff and Epitome, the agreement was the product of duress and/or coercion on the

10  part of Plaintiff and is therefore unenforceable.

11

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

12

### (Unconscionability)

13    Any alleged agreement is unenforceable due to unconscionability, and thus is invalid

14  under section 1670.5 of California's Civil Code.

15

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

16

### (Excuse)

17    Plaintiff is denied recovery against Epitome under the causes of action in the complaint, in

18  whole or in part, because Epitome was, and is, excused from performing the obligations

19  complained of in the complaint because of Plaintiff's own breaches of contract, anticipatory

20  breaches, and wrongful conduct.

21

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

22

### (Negligent Misrepresentation)

23    To the extent that any agreement with terms as alleged by Plaintiff exists or existed

24  between Plaintiff and Epitome, the agreement was the product of negligent misrepresentation on

25  the part of Plaintiff and is therefore unenforceable.

26  /////

27  /////

28  /////

.A Piper Rudnick
.ay Cary US LLP

SD\1789415.1

ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
PLAINTIFF'S COMPLAINT

EXHIBIT ___C___ PAGE ___58___

1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2

### (Discharge of Duties)

3    Plaintiff is denied recovery against Epitome under the causes of action in the complaint, in

4    whole or in part, because Epitome appropriately, completely, and fully performed and discharged

5    any and all obligations and legal duties arising out of the matters alleged in the complaint.

6

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

7

### (Right to Amend)

8    Epitome presently has insufficient knowledge or information on which to form a belief as

9    to whether it may have additional, as yet unstated, defenses available. Epitome reserves the right

10   to amend its Answer and assert additional affirmative defenses upon revelation of definitive facts

11   by Epitome and upon Epitome's undertaking of discovery and investigation into this matter.

12

## PRAYER

13   WHEREFORE, Epitome prays for judgment against Plaintiff as follows:

14   1.    That Plaintiff take nothing by way of the complaint;

15   2.    That judgment be entered in favor of Epitome;

16   3.    That Epitome be awarded its attorneys' fees and costs incurred herein; and

17   4.    For such other and further relief as the Court deems appropriate.

18                                        Respectfully submitted,

19   Dated: April 9, 2008                 DLA PIPER US LLP

20

21                                        By
                                            MICHAEL S. TRACY
22                                          JILLIAN L. PROCTOR
                                            Attorneys for Defendants
23                                          EPITOME PHARMACEUTICALS LIMITED

24

25

26

27

28

DLA PIPER RUDNICK
GRAY CARY US LLP

SD\1789415.1    ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
PLAINTIFF'S COMPLAINT

EXHIBIT ___ PAGE 59

**PROOF OF SERVICE**

1

2      I am a resident of the State of California, over the age of eighteen years, and not a party to
the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700,

3      San Diego, California 92101-4297. On April 9, 2008, I served the within documents:

4      ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS
       LIMITED TO PLAINTIFF'S COMPLAINT

5

6      ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set
           forth below on this date before 5:00 p.m.

7

8      ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
           fully prepaid, in the United States mail at San Diego, California addressed as set

9          forth below.

10     ☐   by personally delivering the document(s) listed above to the person(s) at the
           address(es) set forth below.

11

12     Richard R. Waite
       Mary M. Best

13     Keeney Waite & Stevens
       A Professional Corporation

14     125 North Acacia Avenue, Suite 101
       Solana Beach, CA 92075

15     Telephone:    858.523.2130
       Facsimile:    858.523.2135

16

17     I am readily familiar with the firm's practice of collection and processing correspondence
       for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

18     day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
       motion of the party served, service is presumed invalid if postal cancellation date or postage

19     meter date is more than one day after date of deposit for mailing in affidavit.

20     I declare under penalty of perjury under the laws of the State of California that the above
       is true and correct.

21     Executed on April 9, 2008, at San Diego, California.

22

23

24     _____
                   Connie Garner

25

26

27

28

SD\1814398.1

EXHIBIT _C_ PAGE _60_
PROOF OF SERVICE

ORIGINAL

1   MICHAEL S. TRACY (Bar No. 101456)
    JILLIAN L. PROCTOR (Bar No. 246989)
2   DLA PIPER US LLP
    401 B Street, Suite 1700
3   San Diego, CA 92101-4297
    Tel: 619.699.2700
4   Fax: 619.699.2701
    mike.tracy@dlapiper.com
5   jillian.proctor@dlapiper.com

6   Attorneys for Defendant
    EPITOME PHARMACEUTICALS LIMITED

7

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  REID JILEK,                          CV NO. '08 CV 0658 IEG WMc

            Plaintiff,                   PROOF OF SERVICE
12
                                         Complaint:    February 29, 2008
13          v.

14  EPITOME PHARMACEUTICALS
    LIMITED, a Nova Scotia limited corporation,
15  and DOES 1 to 100, inclusive,

16          Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP                                           PROOF OF SERVICE

1

## PROOF OF SERVICE

2      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is DLA Piper US LLP, 401 B Street, Suite 1700,

3  San Diego, California  92101-4297.  On April 9, 2008, I served the within documents:

4          CIVIL COVER SHEET

5          NOTICE OF REMOVAL OF DEFENDANT EPITOME
           PHARMACEUTICALS LIMITED TO FEDERAL COURT
6          PURSUANT TO 28 USC § 1332

7          EPITOME PHARMACEUTICALS LIMITED'S NOTICE OF
           PARTY WITH FINANCIAL INTEREST

8
           DEFENDANT'S DEMAND FOR JURY TRIAL

9

☐          by transmitting via facsimile the document(s) listed above to the fax number(s) set
10          forth below on this date before 5:00 p.m.

11
☒          by placing the document(s) listed above in a sealed envelope with postage thereon
12          fully prepaid, in the United States mail at San Diego, California addressed as set
            forth below.

13
☐          by personally delivering the document(s) listed above to the person(s) at the
14          address(es) set forth below.

15  Richard R. Waite
    Mary M. Best
16  Keeney Waite & Stevens
17  A Professional Corporation
    125 North Acacia Avenue, Suite 101
18  Solana Beach, CA 92075
    Telephone:   858.523.2130
19  Facsimile:   858.523.2135

20      I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

21  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage

22  meter date is more than one day after date of deposit for mailing in affidavit.

23      I declare under penalty of perjury under the laws of the State of California that the above

24  is true and correct.

25      Executed on April 9, 2008, at San Diego, California.

26

27      _____

28                   Connie Garner

DLA PIPER US LLP
SAN DIEGO

SD\1814398.1                              2

PROOF OF SERVICE

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Reid Jilek, an individual

**DEFENDANTS**
Epitome Pharmaceuticals Limited, a Nova Scotia limited corporation, and DOES 1 to 100, inclusive

FILED
2008 APR 10

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Nova Scotia, Canada
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard R. Waite
Keeney Waite & Stevens
125 North Acacia Avenue, Suite 101
Solana Beach, CA 92075
858.523.2130

Attorneys (If Known)
Michael S. Tracy
Jillian L. Proctor
DLA Piper US LLP
401 B Street, San Diego, CA 92101-4297
619.699.2700

BY ____YNIX____ DEPUTY

'08 CV 0658 IEG WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Med. Malpractice | ☐ 625 Drug Related Seizure     28 USC 157 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |     Liability / ☐ 365 Personal Injury — |     of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &     Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|     & Enforcement of Judgment |     Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |     Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |     Liability     Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|     Student Loans | ☐ 340 Marine |     Safety/Health | | ☐ 490 Cable/Sat TV |
|     (Excl. Veterans) | ☐ 345 Marine Product / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |     Liability / ☐ 370 Other Fraud | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) |     Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract |     Product Liability     Property Damage |     Act | ☐ 863 DIWC/DIWW (405(g)) |     12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |     Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |     & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment     Sentence | ☐ 790 Other Labor Litigation |     or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |     Accommodations / ☐ 530 General |     Security Act |     26 USC 7609 |     Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | **IMMIGRATION** | |     Under Equal Access |
| |     Employment / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | |     to Justice |
| | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| |     Other | |     Alien Detainee | |     State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 465 Other Immigration | | |
| | | |     Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | Transferred from | | Appeal to District |
|---|---|---|---|---|
| ☐ 1 Original     Proceeding | ☒ 2 Removed from     State Court | ☐ 3 Remanded from     Appellate Court | ☐ 4 Reinstated or     Reopened | ☐ 5 another district     (specify) | ☐ 6 Multidistrict     Litigation | ☐ 7 Judge from     Magistrate     Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332
Brief description of cause:
Claim for declaratory relief regarding rights to royalties under agreement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $0.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  4/10/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  149053   AMOUNT  $350   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

SEI 4/11/08

CE

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 149653    — SH**

**April 11, 2008
10:31:11**

**Civ Fil Non-Pris**
USAO #.: 08CV0658
Judge..: IRMA E GONZALEZ
Amount.:                    $350.00 CK
Check#.: BC760008


**Total—>  $350.00**


FROM: JILEK V. EPITOME PHARMACEUTICA