MICHAEL S. TRACY (Bar No. 101456)
JILLIAN L. PROCTOR (Bar No. 246989)
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701
mike.tracy@dlapiper.com
jillian.proctor@dlapiper.com

Attorneys for Defendant
EPITOME PHARMACEUTICALS LIMITED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REID JILEK, an individual, | Case No.  08cv0658-IEG-WMc |
| Plaintiffs, | **PROOF OF FILING OF NOTICE OF REMOVAL IN SUPERIOR COURT** |
| v. | |
| EPITOME PHARMACEUTICALS LIMITED, a Nova Scotia limited corporation, and DOES 1 to 100, inclusive, | |
| Defendants. | |

I am employed as an associate attorney at DLA Piper US LLP.

I am causing a Superior Court of California, County of San Diego, Central Division conformed copy of the below-listed document described as:

**Notice to Superior Court and to Adverse Party of Removal to the**

**United States District Court for the Southern District of California**

to be filed with the United States District Court, Southern District of California.

/////

/////

/////

/////

/////

1    I declare under penalty of perjury under the laws of the United States, that the foregoing is

2   true and correct.  Executed this 15th day of May 2008 at San Diego, California.

3

4                                     By  s/Jillian L. Proctor
                                          _____
5                                         MICHAEL S. TRACY
                                          JILLIAN L. PROCTOR
6                                         DLA PIPER US LLP
                                          Attorneys for Defendant
7                                         EPITOME PHARMACEUTICALS LIMITED

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   MICHAEL S. TRACY (Bar No. 101456)
    JILLIAN L. PROCTOR (Bar No. 246989)
2   DLA PIPER US LLP
    401 B Street, Suite 1700
3   San Diego, CA 92101-4297
    Tel: 619.699.2700
4   Fax: 619.699.2701

5   Attorneys for Defendant
    EPITOME PHARMACEUTICALS LIMITED
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9               COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11  REID JILEK,                        CASE NO. 37-2008-00079007-CU-BC-CTL

              Plaintiff,               **NOTICE TO SUPERIOR COURT AND TO
12                                     ADVERSE PARTY OF REMOVAL TO
                                       THE UNITED STATES DISTRICT
13      v.                             COURT FOR THE SOUTHERN
                                       DISTRICT OF CALIFORNIA**
14  EPITOME PHARMACEUTICALS LIMITED,
    a Nova Scotia limited corporation, and DOES 1   Dept.C-72
15  to 100, inclusive,                 Judge: Hon. Michael M. Anello
                                       Complaint Filed: February 29, 2008
16            Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP     SD\1789378.1    NOTICE TO SUPERIOR COURT AND ADVERSE PARTY OF REMOVAL TO THE UNITED
                                     STATES DISTRICT COURT

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF**

2  **REID JILEK AND HIS ATTORNEYS OF RECORD:**

3       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant

4  EPITOME PHARMACEUTICALS LIMITED ("Epitome") removed the above-referenced action

5  from the Superior Court of California for the County of San Diego to the United States District

6  Court for the Southern District of California. The grounds for this removal are set forth in the

7  Notice of Removal attached to this document as Exhibit 1.

8       PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d), the filing of

9  this Notice shall effect the removal and the State Court shall proceed no further unless and until

10 the case is remanded.

11 Dated: April 10 , 2008

12                                      DLA PIPER US LLP

13

14                              By
                                     MICHAEL S. TRACY
15                                   JILLIAN L. PROCTOR
                                     Attorneys for Defendant
16                                   EPITOME PHARMACEUTICALS LIMITED

17

18

19

20

21

22

23

24

25

26

27

28

1

# EXHIBIT 1

1  MICHAEL S. TRACY (Bar No. 101456)
   JILLIAN L. PROCTOR (Bar No. 246989)
2  **DLA PIPER US LLP**
   401 B Street, Suite 1700
3  San Diego, CA 92101-4297
   Tel: 619.699.2700
4  Fax: 619.699.2701
   mike.tracy@dlapiper.com
5  jillian.proctor@dlapiper.com

6  Attorneys for Defendant
   EPITOME PHARMACEUTICALS LIMITED
7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  REID JILEK, an individual,            CV NO.

            Plaintiff,              **NOTICE OF REMOVAL OF DEFENDANT
12                                   EPITOME PHARMACEUTICALS
                                     LIMITED TO FEDERAL COURT
13       v.                          PURSUANT TO 28 USC § 1332**

14  EPITOME PHARMACEUTICALS           **DEMAND FOR JURY TRIAL**
    LIMITED, a Nova Scotia limited corporation,
15  and DOES 1 to 100, inclusive,

16            Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant EPITOME PHARMACEUTICALS LIMITED ("Epitome") hereby removes this civil action, captioned as *Jilek v. Epitome Pharmaceuticals Limited*, Case No. 37-2008-00079007-CU-BC-CTL, from the Superior Court of the State of California for the County of San Diego, Central District, to the United States District Court for the Southern District of California. This removal is based on diversity of citizenship, pursuant to 28 U.S.C. sections 1332, 1441(a) and (b), and 1446 for the reasons stated below:

## I. INTRODUCTION

1. On or about February 29, 2008, this action was filed by Reid Jilek in the Superior Court of the State of California for the County of San Diego. A copy of that Complaint, assigned San Diego Superior Court Case No. 37-2008-00079007-CU-BC-CTL ("Complaint"), along with all process, pleadings, and orders served upon Epitome is attached hereto as Exhibit A.

2. In the instant action, this Court has removal jurisdiction under 28 U.S.C. § 1332.

3. This Notice of Removal is filed in the District Court of the United States for the district in which the Plaintiff filed the Complaint in the instant action.

4. On or about March 6, Plaintiff sent Epitome a copy of the Summons and Complaint. Service was thus effected on March 16, 2008. *See* Cal. Civ. Proc. Code § 415.40 (mail service on a person outside California is deemed complete on the 10th day after such mailing).

5. Removal is timely, under the terms of 28 U.S.C. section 1446(b) and Federal Rules of Civil Procedure Rule 6(a), as the thirtieth day following service of the Complaint is April 15, 2008. *See Murphy Brothers, Inc. v. Michetti Pipestringing, Inc.*, 526 U.S. 344 (1999) (time to remove runs from service).

6. Epitome attaches hereto as Exhibit B the notice of filing of this removal to the Clerk of the Superior Court for the County of San Diego, which will be filed in the Superior Court for the County of San Diego and served on Plaintiff. *See* 28 U.S.C. § 1446(d). Proof of filing of this notice and its service on Plaintiff will be filed with this Court when completed.

1    7.    Defendant filed and served its Answer to the Complaint (the "Answer") on

2  April 9, 2008.  A copy of the Answer is attached hereto as Exhibit C.

3  **II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY
4           JURISDICTION**

5    8.    This action is one of which this Court has original jurisdiction under 28 U.S.C.

6  section 1332, and is one that may be properly removed to this Court on the basis of diversity of

7  citizenship jurisdiction, in that it is a civil action between a citizen of the state of California and a

8  citizen of a foreign country and the matter in controversy exceeds the sum of $75,000, exclusive

9  of interest and costs, as more fully explained below.  28 U.S.C. §§ 1332, 1441(a).

10    9.    Defendant is informed and believes, and on that basis alleges, that Plaintiff is now,

11  and was at the time this action was commenced, a citizen of the State of California within the

12  meaning of 28 U.S.C. section 1332(a), because his place of residence and domicile is and was

13  within the State of California.  (Ex. A, Complaint ¶ 1.)

14    10.    Defendant Epitome Pharmaceuticals Limited is now, and was at the time this

15  action was commenced, a citizen of Nova Scotia, Canada, within the meaning of 28 U.S.C. §

16  1332(c)(1), because it is incorporated under the laws of Nova Scotia, and maintains its principal

17  place of business in Halifax, Nova Scotia, Canada.

18    11.    The presence of the Doe defendants has no bearing on diversity with respect to

19  removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship

20  of defendants sued under fictitious names shall be disregarded.").

21    12.    While Defendant denies any liability to Plaintiff, the amount in controversy in this

22  action, as alleged in the Complaint, exceeds $75,000 exclusive of interest and costs.

23    13.    Plaintiff has alleged that he is entitled to five percent (5%) of Epitome's net

24  royalty stream from the sale of the ointment referred to in the complaint as "Wart Heal." (Ex. A.,

25  Complaint ¶¶ 15, 17.)  Epitome retains a share of MediGene AG's ("MediGene") portion of

26  royalty payments from the sale of this product.  Epitome is informed and believes that

27  MediGene's projected sales of this product are in the tens of millions of dollars.  Plaintiff claims

28  he is entitled to five percent (5%) of Epitome's share of these royalties.  Plaintiff also seeks a

-2-

1  "permanent injunction enjoining Defendant ...from dissipating the proceeds it receives from the

2  sale of the Wart Heal product." (Ex. A., Complaint, p. 7, lines 13-16.) Thus, because the

3  projected sales of the product are in the tens of millions of dollars and the relief sought is not

4  limited in time, the amount in controversy is in excess of $75,000.

5  **III.    CONCLUSION**

6      14.    For the reasons stated, federal diversity jurisdiction exists pursuant to the 28

7  U.S.C. § 1334. Accordingly, Epitome hereby removes to this Court the case captioned *Jilek v.*

8  *Epitome Pharmaceuticals Limited*, Case No. 37-2008-00079007-CU-BC-CTL, from the Superior

9  Court of the State of California for the County of San Diego.

10     15.    Nothing in this Notice should be construed as a waiver by Epitome of its defenses

11  to the complaint.

12     Wherefore, Epitome gives notice that the above-described Action pending against it in the

13  Superior Court of California, County of San Diego, is removed to this Court.

14  Dated: April 10, 2008

15                          DLA PIPER US LLP

16

17                  By _____

18                      MICHAEL S. PRACY
                        JILLIAN L. PROCTOR

19                      Attorneys for Defendant
                        EPITOME PHARMACEUTICALS LIMITED

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EPITOME PHARMACEUTICALS LIMITED, a Nova Scotia
limited corporation; and DOES 1 through 100,
inclusive

| FOR COURT USE ONLY |
| *(SOLO PARA USO DE LA CORTE)* |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REID JILEK, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER:
*(Número del Caso):* 37-2008-00079007-CU-BC-CTL

330 West Broadway
San Diego, CA 92101
Hall of Justice

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RICHARD R. WAITE (SBN 97942)                    (858) 523-2130
KEENEY WAITE & STEVENS
125 NORTH ACACIA AVENUE, SUITE 101
SOLANA BEACH, CA 92075

DATE:                                 Clerk, by **M. McKinley**                   , Deputy
*(Fecha)* FEB 29 2008                 *(Secretario)*                               *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date).*                                      Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 417.20, 465

Legal
Solutions
℠ Plus          EXHIBIT __A__ PAGE __4__

1  RICHARD R. WAITE (SBN 97942)
   MARY M. BEST (SBN 110220)
2  **KEENEY WAITE & STEVENS**
   A Professional Corporation
3  125 North Acacia Avenue, Suite 101
   Solana Beach, CA  92075
4  Telephone:    (858) 523-2130
   Facsimile:    (858) 523-2135
5
   Attorneys for Plaintiff REID JILEK
6

7

8                **SUPERIOR COURT, STATE OF CALIFORNIA**

9            **COUNTY OF SAN DIEGO - CENTRAL DIVISION**

10 REID JILEK, an individual,              )   Case No. 37-2008-96079007-CU-BC-CTL
11                                          )
              Plaintiff,                    )   COMPLAINT FOR:
12                                          )   1. DECLARATORY RELIEF
   v.                                       )   2. ACCOUNTING
13                                          )   3. ANTICIPATORY BREACH OF CONTRACT
   EPITOME PHARMACEUTICALS               )   4. BAD FAITH DENIAL OF CONTRACT
14 LIMITED, a Nova Scotia limited         )   5. IMPOSITION OF CONSTRUCTIVE TRUST;
   corporation; and DOES 1 through 100,  )      AND
15 inclusive,                             )   6. PRELIMINARY & PERMANENT
                                           )      INJUNCTION
16            Defendants.                  )
                                           )
17 _____ )

18

19      Plaintiff Reid Jilek alleges follows:

20                **I.  GENERAL ALLEGATIONS**

21      1.    Plaintiff Reid Jilek is an individual residing in the County of San Diego, California, at

22 all times mentioned herein.

23      2.    Plaintiff is informed and believes and thereon alleges that Defendant Epitome

24 Pharmaceuticals Limited (hereinafter "Defendant") is a Nova Scotia, Canadian limited corporation.

25      3.    The true names and capacities of Defendants Does 1 through 100 (the "Doe

26 Defendants"), inclusive, are unknown to Plaintiff, who therefore sues said Doe Defendants by such

27 fictitious names pursuant to Section 474 of the California Code of Civil Procedure.  Plaintiff is

28 informed and believes, and thereon alleges, that Does 1 through 100 are in some capacity

                                    1
                    COMPLAINT FOR DECLARATORY RELIEF    EXHIBIT __A__ PAGE __5__

1  responsible for the acts and omissions and damages herein alleged. Plaintiff will seek leave of the

2  Court to amend this Complaint when said names and true capacities have been ascertained.

3        4.    Plaintiff is informed and believes, and thereon alleges that at all times mentioned

4  herein, except as otherwise stated, each of the Defendants and Doe Defendants, were the agents,

5  employees, subsidiaries, licensors, sublicensors, or affiliates of each of the remaining Defendants.

6  Plaintiff is informed and believes and thereon alleges that in doing the things herein alleged, such

7  Defendants and Doe Defendants were acting within the scope of their agency, subsidiary, licensing,

8  employment or affiliates agreements.

9                    **II. JURISDICTIONAL & VENUE ALLEGATIONS**

10       5.    On or about October 28, 1997, Plaintiff entered into a written agreement (the

11  "Agreement") with the Defendant. A true and correct copy of the Agreement is attached hereto as

12  Exhibit. A.

13       6.    The Agreement was entered into in San Diego County, California. Under the

14  Agreement Plaintiff was to secure introductions with companies in a position to manufacture,

15  market, and possibly finance an ointment known as Wart Heal being developed by the Defendant. In

16  exchange for Plaintiff's services, Defendant agreed to pay Plaintiff 5% of the net royalty stream

17  from the sale of the ointment. Plaintiff performed services for Defendant in California in general

18  and in San Diego County specifically.

19       7.    At the time the Agreement was signed by the Plaintiff, Plaintiff is informed and

20  believes and thereon alleges that Defendant was doing business in San Diego County under the name

21  of "Epitome Limited", which had a business office located at 3920 Goldfinch Street, San Diego, CA

22  92103.

23       8.    The Agreement was signed by Paul T. Wegener ("Wegener") in San Diego County,

24  California. Wegener was living in San Diego County and was the President, an officer, a director

25  and an agent of the Defendant, in San Diego County, California, at the time the Agreement was

26  signed. Plaintiff is informed and believes and thereon alleges that Wegner's contacts and activities

27  within the State of California are imputed to Defendant and establish minimum contacts within the

28  State of California.

---

COMPLAINT FOR DECLARATORY RELIEF**EXHIBIT  A  PAGE  6**

1    9.    Plaintiff is informed and believes and thereon alleges that at the time the Agreement

2   was entered into with the Plaintiff, the Defendant was doing business in the State of California, and

3   the Defendant is currently doing business in the State of California with a licensing partner who has

4   an office in San Diego County, California.

5    10.    In the latter part of 1999, a dispute arose between Plaintiff and the Defendant

6   regarding the interpretation of the "5% of the net royalty stream" language in the Agreement. The

7   parties resolved that dispute and agreed to a "Confidentiality Agreement" on or about February 22,

8   2000.

9    11.    The Confidentiality Agreement provides that: "This Agreement shall be governed by

10   and construed and enforced in accordance with, the laws of the State of California."

11                    **III.  FIRST CAUSE OF ACTION**

12                    **(Declaratory Relief against All Defendants).**

13    12.    Plaintiff refers to and incorporates herein by reference all preceding paragraphs of the

14   Complaint.

15    13.    On or about March 1, 2000, Defendant sent a letter to its licensing partner, MediGene

16   AG. A true and correct copy of that letter is attached hereto as Exhibit B and incorporated herein by

17   reference. Ex. B confirmed Defendant's agreement with Plaintiff and requested that when and if any

18   royalties were to become payable to the Defendant, that MediGene "retain 5% of each royalty

19   payment due Epitome and forward such 5% share to Dr. Reid Jilek."

20    14.    On or about February 8, 2008, Defendant informed Plaintiff that there had not yet

21   been any sales of Defendant's ointment and therefore no royalties had yet been paid to the

22   Defendant.    At that same time, Defendant informed Plaintiff, for the first time, that Plaintiff was not

23   entitled to any royalties under the Agreement and that the Confidentiality Agreement and other

24   correspondence and documents issued by the Defendant that confirmed Plaintiff's entitlement to

25   such royalties (such as Ex. B) were signed by the Defendant under duress and were "not legally

26   binding."

27    15.    Plaintiff is informed and believes and thereon alleges that under the terms of the

28   Agreement he is entitled to "5% of the net royalty stream resulting from the sales of Wart Heal

---

3

COMPLAINT FOR DECLARATORY RELIEF **EXHIBIT__  A__ PAGE__ 7__**

1 | ointment." Plaintiff is further informed and believes that pursuant to the terms of the Agreement,

2 | Defendant was required to include Plaintiff's entitlement to such royalties "into the final licensing

3 | agreement for Wart Heal " with any of Defendant's strategic partners for Wart Heal.

4 |     16.     Defendant confirmed Plaintiff's entitlement to the Wart Heal royalties in the terms of

5 | Ex. B.

6 |     17.     An actual controversy exists between Plaintiff and the Defendants herein, and each of

7 | them, in that Plaintiff contends he is entitled to 5% of Defendant's net royalties for Wart Heal, and

8 | that his entitlement to such royalties was voluntarily confirmed by the Defendants in Ex. B.

9 | Defendants contend that Plaintiff is not entitled to such royalties under the Agreement and that Ex. B

10 | was signed by the Defendants under duress and are therefore not legally binding.

11 |     18.     Plaintiff and Defendants desire a judicial determination of their respective rights,

12 | duties and obligations under the Agreement. A judicial determination is both necessary and

13 | appropriate at this time in order that the parties may ascertain their respective rights, obligations and

14 | liabilities, if any, with respect to the Agreement.

15 |         **IV. SECOND CAUSE OF ACTION**

16 |         **(Accounting - All Defendants)**

17 |     19.     Plaintiff refers to and incorporates herein by reference all preceding paragraphs of the

18 | Complaint.

19 |     20.     Plaintiff is informed and believes and thereon alleges that beginning in 2008

20 | Defendant has started to receive royalty payments and monies associated with its Wart Heal

21 | product, a portion of which is due to Plaintiff pursuant to the Agreement.

22 |     21.     The amount of money due from Defendant to Plaintiff is unknown and cannot be

23 | ascertained without an accounting of the receipts from Defendant's operations.

24 |     22.     Plaintiff has demanded that Defendant account for the aforementioned royalty monies

25 | and pay the amount found to be due to Plaintiff, but Defendant has failed and refused, and continues

26 | to fail and refuse, to render the accounting and pay the Plaintiff.

27 | / / /

28 | / / /

## V. THIRD CAUSE OF ACTION

### (Anticipatory Breach of Contract - All Defendants)

23.    Plaintiff refers to and incorporates herein by reference all the preceding Paragraphs of the Complaint.

24.    Plaintiff has fully performed and satisfied all his obligations under the Agreement with Defendant.

25.    On or about February 8, 2008, Defendant informed Plaintiff that there were not yet any royalties payable for Wart Heal under the Agreement and also informed Plaintiff that Defendant would not honor or fulfill the terms of the Agreement.

26.    As Defendant has indicated that even when royalties payments are received for Wart Heal, it does not intend to forward any portion of such royalties to the Plaintiff, Defendant has breached the Agreement.

27.    Plaintiff has been damaged in an amount to proven at trial, which damages include 5% of all the future net royalties received by Defendant that are associated with Wart Heal. Plaintiff will amend this complaint to allege the full extent of his damages when they have been ascertained.

### VI. FOURTH CAUSE OF ACTION

### (Bad Faith Denial of Contract - All Defendants)

28.    Plaintiff refer to and incorporate herein by reference all preceding Paragraphs of the Complaint.

29.    Plaintiff performed under the terms of the Agreement.  For several years, both in their actions and their correspondence with the Plaintiff, Defendant confirmed the existence of the Agreement between Plaintiff and Defendant.

30.    In or about February 2008, Defendant breached the Agreement, informed Plaintiff it would not perform its obligations under the Agreement, and denied the existence and validity of the Agreement with the Plaintiff as set forth above.

31.    Defendant's denial of the Agreement was done in bad faith and without probable cause.

32.    Plaintiff has been damaged in an amount to be proven at trial.

/ / /

EXHIBIT A    PAGE 9

## VII.  FIFTH CAUSE OF ACTION

**(Imposition of Constructive Trust & Request for Preliminary and Permanent Injunction- All Defendants)**

33.    Plaintiff refers to and incorporates herein by reference all preceding Paragraphs of the Complaint.

34.    Plaintiff is informed and believes and thereon alleges that Defendant has already or will soon be receiving royalties from the sale of Wart Heal.  Those royalty payments will be easily identifiable and can be segregated into a separate fund.

35.    In or about February, 2008 Plaintiff demanded that Defendant begin honoring the terms of the Agreement and convey the 5% net royalty payments due Plaintiff under the Agreement. Defendant has failed and refused to convey to Plaintiff the 5% net royalty payments.

36.    Plaintiff is informed and believes and t hereon alleges that at the time Defendant made the promises to Plaintiff, as set forth above, Defendant had no intention of performing them.

37.    Plaintiff is informed and believes and thereon alleges that Defendant made these promises to Plaintiff with the intent to defraud Plaintiff and to induce Plaintiff to perform under the terms of the Agreement, allowing Defendant to reap the benefit of Plaintiff's performance under the Agreement, while keeping the profits from Plaintiff's performance to itself.

38.    At the time these promises were made and at the time Plaintiff acted in reliance on them, Plaintiff was ignorant of Defendant's secret intention not to perform, and Plaintiff could not, in the exercise of reasonable diligence, have discovered Defendant's secret intention and therefore acted reasonably in relying on Defendant's promises.  Had Plaintiff know of Defendant's secret intention not to perform, Plaintiff would not have acted in reliance on Defendant's promises.

39.    By virtue of its fraudulent acts, Defendant holds the 5% net royalty payments associated with the Wart Heal product as a constructive trustee for the Plaintiff's benefit.

40.    Plaintiff has requested that Defendant provide an accounting and a statement of 5% of net royalty payments collected, to which Plaintiff is rightfully entitled under the Agreement, but Defendant has refused these requests.

41.    Plaintiff is informed and believes and thereon alleges that he is entitled to a constructive trust on the Wart Heal royalty payments in order to ensure that Defendant does not turn

6

EXHIBIT  A  PAGE  10

1  these payments over to others or dissipate these royalty payments in any fashion during the

2  pendency of this litigation.

3      WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

4      1.    For general damages according to proof at trial;

5      2.    For special damages according to proof at trial;

6      3.    For interest thereon according to proof at trial;

7      4.    For reasonable attorneys' fees and costs;

8      5.    For an accounting between the Plaintiff and Defendants;

9      6.    For payment over to Plaintiff of the amount due from Defendant as a result of the

10  account and interest on that amount from and after the date of the filing of this complaint;

11     7.    For an order declaring that Defendant holds 5% of the net royalty payments received

12  from the sale of Wart Heal in trust for the Plaintiff;

13     8.    For a temporary restraining order, preliminary injunction and permanent injunction

14  enjoining Defendant and its agents, servants, employees, and all persons acting under, in concert

15  with, or for Defendant from dissipating the proceeds it receives from the sale of the Wart Heal

16  product.

17     9.    For such other and further relief as the Court may deem just and proper.

18

19

20  Dated:    February 28, 2008          **KEENEY WAITE & STEVENS**
                                         A Professional Corporation

21

22                                       By:  _Mary Best_

23                                            Richard R. Waite
                                              Mary M. Best
24                                            Attorneys for Plaintiff
                                              REID JILEK
25

26

27

28

# A

## EPITOME LIMITED

3920 GOLDFINCH STREET, SAN DIEGO, CA 92103
(619) 298-4279, FAX AT SAME NUMBER

28 October, 1997

Dear Dr. Jilek:

I am interested in establishing a relationship where you can serve my enterprises and where you will be equitably compensated for your efforts. I understand that your interest and service to a company is based on success, and that you prefer a long-term compensation from the royalty stream; I share both of these attitudes and practice them in the other companies with which I am associated.

In return for your long-term involvement with Epitome Pharmaceuticals, Ltd., I offer 5% of the net royalty stream resulting from the sales of Wart Heal ointment for genital warts. This 5% royalty will be incorporated into the final licensing agreement for Wart Heal to the strategic partner. You will bear your ordinary expenses; extraordinary expenses such as travel specifically for Epitome will be discussed as the occasion arises.

In return, you will be active on our behalf in a variety of roles, from securing introductions with companies positioned to manufacture and market the medication to helping obtain financing, if necessary, or any other assistance you feel would increase the chances of overall success of the venture. I hope to have Epitome become part of the group of ventures you enjoy caring for and fostering.

If this is satisfactory, please countersign and return a copy of this letter agreement.

Sincerely yours,

Paul T. Wegener
President

PTW/ccl

Agreed this 30ᵀᴴ day of October, 1997:

Dr. Reid Jilek, Ph.D.

# B

# EPITOME PHARMACEUTICALS LIMITED

**5162 DUKE ST., SUITE 501, HALIFAX, N.S.  B3J 1N7**
**PH: (902) 429-9247, FX (902) 492-0013; E-MAIL SLONEMUN@NS.SYMPATICO.CA**

March 1, 2000

*by fax to:*     *011 49-89 89 56 32-20*

Martin Poehlchen
Vice-President
MediGene AG
Lochhamer Strasse 11
82152 Planegg/Martinsreid
Bavaria, Germany

Dear Dr. Poehlchen,

Re:    Epitome Pharmaceuticals – Administrative Issues

I write to provide a direction with respect to royalties paid to Epitome Pharmaceuticals under either the present agreement between our two companies or any future agreement between us.

Some years ago, when Paul Wegener was seeking a funding partner for the green tea medication, he enlisted the aid of Dr. Reid Jilek, a man with contacts in the pharmaceutical industry.  Under his agreement with Dr. Jilek, the latter was to seek investors in Epitome in return for a 5% share of Epitome's royalties from the sale of green tea based treatment for genital warts.

Epitome recently resolved a disagreement it has had with Dr. Jilek with respect to his entitlement under that agreement and the company has now agreed to advise our licensing partner to forward to Dr. Jilek a percentage of our royalties, if any, from the polyphenon based treatment of genital warts.

Accordingly we would ask that you kindly do the following:

1.    In the event that royalties based on sales of products employing green tea polyphenols to treat genital warts become payable to Epitome by MediGene under the existing or any future agreement between our two companies, please retain 5% of each royalty payment due Epitome and forward such 5% share to Dr. Reid Jilek c/o Connor, Packer & Dunivan 3400 Fourth Avenue, San Diego California 29103.

2.    At the time you forward to Epitome's reports with respect to the calculation of royalties due Epitome on the sale of products for the treatment of genital warts based on green tea

EXHIBIT _A_ PAGE _15_

polyphenols, please forward a copy of such reports as well to Dr. Jilek at the same address.

3.    We would appreciate it if you would please sign this letter below and return by fax to Epitome in acknowledgment of your having received these instructions. This will enable us to demonstrate to Dr. Jilek that we have fulfilled our agreement with respect to his share of Epitome royalties from the treatment of genital warts through green tea polyphenols.

If you have any questions regarding the above please contact me or Paul. We appreciate your attention to this matter.

Best regards,

Andrew J.M. Munro

MediGene acknowledges receipt of this direction from Epitome Pharmaceuticals Ltd.

_____

Dr. Martin Poehlchen

EXHIBIT __A__ PAGE __16__

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00079007-CU-BC-CTL      CASE TITLE: Jilek vs. Epitome Pharmaceuticals Limited

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

EXHIBIT ___A___ PAGE ___17___

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

EXHIBIT __A__ PAGE² __18__

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:   330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:       Central | |

| PLAINTIFF(S):   Reid Jilek |
|---|
| DEFENDANT(S): Epitome Pharmaceuticals Limited |
| SHORT TITLE:    JILEK VS. EPITOME PHARMACEUTICALS LIMITED |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00079007-CU-BC-CTL |
|---|---|

Judge: Michael M. Anello                                          Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐  Court-Referred Mediation Program                    ☐  Court-Ordered Nonbinding Arbitration

☐  Private Neutral Evaluation                                   ☐  Court-Ordered Binding Arbitration (Stipulated)

☐  Private Mini-Trial                                                  ☐  Private Reference to General Referee

☐  Private Summary Jury Trial                                 ☐  Private Reference to Judge

☐  Private Settlement Conference with Private Neutral   ☐  Private Binding Arbitration

☐  Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date. _____          Date: _____

_____                     _____
Name of Plaintiff                                                   Name of Defendant

_____                     _____
Signature                                                              Signature

_____                     _____
Name of Plaintiff's Attorney                                 Name of Defendant's Attorney

_____                     _____
Signature                                                              Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 02/29/2008                                              _____
                                                                              JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                    Page: 1

EXHIBIT __A__ PAGE __19__

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MARY M. BEST (SBN 110220)<br>MARY M. BEST (SBN 110220)<br>KEENEY WAITE & STEVENS<br>125 NORTH ACACIA AVENUE, SUITE 101<br>SOLANA BEACH, CA 92075<br>TELEPHONE NO: (858) 523-2130    FAX NO.: (858) 523-2135<br>ATTORNEY FOR (Name): REID JILEK | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME: Reid Jilek v. Epitome Pharmaceuticals Ltd.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2008-00079007-CU-BC-CTL<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [X] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | [ ] Other collections (09)<br>[ ] Insurance coverage (18) | [ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| [ ] Asbestos (04)<br>[ ] Product liability (24) | [ ] Other contract (37)<br>Real Property | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08) | [ ] Other real property (26)<br>Unlawful Detainer | [ ] Enforcement of judgment (20)<br>Miscellaneous Civil Complaint |
| [ ] Defamation (13)<br>[ ] Fraud (16) | [ ] Commercial (31)<br>[ ] Residential (32) | [ ] RICO (27)<br>[ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19)<br>[ ] Professional negligence (25) | [ ] Drugs (38)<br>Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35)<br>Employment | [ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action (specify): 5

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 28, 2008

MARY M. BEST (SBN 110220)
_(TYPE OR PRINT NAME)_                                                   _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

Legal
Solutions
Plus

**EXHIBIT** A PAGE 20

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

EXHIBIT ___A___ PAGE ___31___

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 685-6151 | |
| PLAINTIFF(S) / PETITIONER(S): Reid Jilek | |
| DEFENDANT(S) / RESPONDENT(S): Epitome Pharmaceuticals Limited | |
| JILEK VS. EPITOME PHARMACEUTICALS LIMITED | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2008-00079007-CU-BC-CTL |

Judge: Michael M. Anello                                          Department: C-72

**COMPLAINT/PETITION FILED:** 02/29/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

SDSC CIV-721 (Rev. 11-06)                    **NOTICE OF CASE ASSIGNMENT**                    Page: 1

EXHIBIT __A__ PAGE __22__

# EXHIBIT B

1
MICHAEL S. TRACY (Bar No. 101456)
JILLIAN L. PROCTOR (Bar No. 246989)
2
DLA PIPER US LLP
401 B Street, Suite 1700
3
San Diego, CA 92101-4297
Tel: 619.699.2700
4
Fax: 619.699.2701

5
Attorneys for Defendant
EPITOME PHARMACEUTICALS LIMITED
6

7

8                       SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11
REID JILEK,                              CASE NO. 37-2008-00079007-CU-BC-CTL

12
          Plaintiff.                     **NOTICE TO SUPERIOR COURT AND TO
                                         ADVERSE PARTY OF REMOVAL TO
                                         THE UNITED STATES DISTRICT
13
    v.                                   COURT FOR THE SOUTHERN
                                         DISTRICT OF CALIFORNIA**
14
EPITOME PHARMACEUTICALS LIMITED,
a Nova Scotia limited corporation, and DOES 1
15
to 100, inclusive,                       Dept.C-72
                                         Judge: Hon. Michael M. Anello
16
          Defendant.                     Complaint Filed: February 29, 2008

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __B__ PAGE __23__

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF**

2  **REID JILEK AND HIS ATTORNEYS OF RECORD:**

3      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant

4  EPITOME PHARMACEUTICALS LIMITED ("Epitome") removed the above-referenced action

5  from the Superior Court of California for the County of San Diego to the United States District

6  Court for the Southern District of California. The grounds for this removal are set forth in the

7  Notice of Removal attached to this document as Exhibit 1.

8      PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d), the filing of

9  this Notice shall effect the removal and the State Court shall proceed no further unless and until

10  the case is remanded.

11  Dated: April 10, 2008

                              DLA PIPER US LLP

12

13

14                            By
                              MICHAEL S. TRACY

15                                JILLIAN L. PROCTOR
                              Attorneys for Defendant

16                                EPITOME PHARMACEUTICALS LIMITED

17

18

19

20

21

22

23

24

25

26

27

28

                                    EXHIBIT __B__ PAGE _24_

                                1

1

EXHIBIT __B__ PAGE __25__

MICHAEL S. TRACY (Bar No. 101456)
JILLIAN L. PROCTOR (Bar No. 246989)
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701
mike.tracy@dlapiper.com
jillian.proctor@dlapiper.com

Attorneys for Defendant
EPITOME PHARMACEUTICALS LIMITED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REID JILEK, an individual, | CV NO. |
| Plaintiff, | **NOTICE OF REMOVAL OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO FEDERAL COURT PURSUANT TO 28 USC § 1332** |
| v. | |
| EPITOME PHARMACEUTICALS LIMITED, a Nova Scotia limited corporation, and DOES 1 to 100, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT __B__ PAGE __26__

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant EPITOME PHARMACEUTICALS LIMITED ("Epitome") hereby removes this civil action, captioned as *Jilek v. Epitome Pharmaceuticals Limited*, Case No. 37-2008-00079007-CU-BC-CTL, from the Superior Court of the State of California for the County of San Diego, Central District, to the United States District Court for the Southern District of California. This removal is based on diversity of citizenship, pursuant to 28 U.S.C. sections 1332, 1441(a) and (b), and 1446 for the reasons stated below:

## I.    INTRODUCTION

1.    On or about February 29, 2008, this action was filed by Reid Jilek in the Superior Court of the State of California for the County of San Diego. A copy of that Complaint, assigned San Diego Superior Court Case No. 37-2008-00079007-CU-BC-CTL ("Complaint"), along with all process, pleadings, and orders served upon Epitome is attached hereto as Exhibit A.

2.    In the instant action, this Court has removal jurisdiction under 28 U.S.C. § 1332.

3.    This Notice of Removal is filed in the District Court of the United States for the district in which the Plaintiff filed the Complaint in the instant action.

4.    On or about March 6, Plaintiff sent Epitome a copy of the Summons and Complaint. Service was thus effected on March 16, 2008. *See* Cal. Civ. Proc. Code § 415.40 (mail service on a person outside California is deemed complete on the 10th day after such mailing).

5.    Removal is timely, under the terms of 28 U.S.C. section 1446(b) and Federal Rules of Civil Procedure Rule 6(a), as the thirtieth day following service of the Complaint is April 15, 2008. *See Murphy Brothers, Inc. v. Michetti Pipestringing, Inc.*, 526 U.S. 344 (1999) (time to remove runs from service).

6.    Epitome attaches hereto as Exhibit B the notice of filing of this removal to the Clerk of the Superior Court for the County of San Diego, which will be filed in the Superior Court for the County of San Diego and served on Plaintiff. *See* 28 U.S.C. § 1446(d). Proof of filing of this notice and its service on Plaintiff will be filed with this Court in compliance

EXHIBIT 4 PAGE 27

-1-

1      7.     Defendant filed and served its Answer to the Complaint (the "Answer") on

2  April 9, 2008. A copy of the Answer is attached hereto as Exhibit C.

3  **II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY**
          **JURISDICTION**

4

5      8.     This action is one of which this Court has original jurisdiction under 28 U.S.C.

6  section 1332, and is one that may be properly removed to this Court on the basis of diversity of

7  citizenship jurisdiction, in that it is a civil action between a citizen of the state of California and a

8  citizen of a foreign country and the matter in controversy exceeds the sum of $75,000, exclusive

9  of interest and costs, as more fully explained below. 28 U.S.C. §§ 1332, 1441(a).

10      9.     Defendant is informed and believes, and on that basis alleges, that Plaintiff is now,

11  and was at the time this action was commenced, a citizen of the State of California within the

12  meaning of 28 U.S.C. section 1332(a), because his place of residence and domicile is and was

13  within the State of California. (Ex. A, Complaint ¶ 1.)

14      10.    Defendant Epitome Pharmaceuticals Limited is now, and was at the time this

15  action was commenced, a citizen of Nova Scotia, Canada, within the meaning of 28 U.S.C. §

16  1332(c)(1), because it is incorporated under the laws of Nova Scotia, and maintains its principal

17  place of business in Halifax, Nova Scotia, Canada.

18      11.    The presence of the Doe defendants has no bearing on diversity with respect to

19  removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship

20  of defendants sued under fictitious names shall be disregarded.").

21      12.    While Defendant denies any liability to Plaintiff, the amount in controversy in this

22  action, as alleged in the Complaint, exceeds $75,000 exclusive of interest and costs.

23      13.    Plaintiff has alleged that he is entitled to five percent (5%) of Epitome's net

24  royalty stream from the sale of the ointment referred to in the complaint as "Wart Heal." (Ex. A.,

25  Complaint ¶¶ 15, 17.) Epitome retains a share of MediGene AG's ("MediGene") portion of

26  royalty payments from the sale of this product. Epitome is informed and believes that

27  MediGene's projected sales of this product are in the tens of millions of dollars. Plaintiff claims

28  he is entitled to five percent (5%) of Epitome's share of these royalties. Plaintiff also makes a

**EXHIBIT** ~~8~~ **PAGE** ~~28~~

NOTICE OF REMOVAL OF DEFENDANT EPITOME PHARMACEUTICALS
PURSUANT TO 28 U.S.C § 1332

"permanent injunction enjoining Defendant ...from dissipating the proceeds it receives from the sale of the Wart Heal product." (Ex. A., Complaint, p. 7, lines 13-16.) Thus, because the projected sales of the product are in the tens of millions of dollars and the relief sought is not limited in time, the amount in controversy is in excess of $75,000.

## III.    CONCLUSION

14.    For the reasons stated, federal diversity jurisdiction exists pursuant to the 28 U.S.C. § 1334.  Accordingly, Epitome hereby removes to this Court the case captioned *Jilek v. Epitome Pharmaceuticals Limited*, Case No. 37-2008-00079007-CU-BC-CTL, from the Superior Court of the State of California for the County of San Diego.

15.    Nothing in this Notice should be construed as a waiver by Epitome of its defenses to the complaint.

Wherefore, Epitome gives notice that the above-described Action pending against it in the Superior Court of California, County of San Diego, is removed to this Court.

Dated: April 10, 2008

DLA PIPER US LLP

By _____
MICHAEL S. TRACY
JILLIAN L. PROCTOR
Attorneys for Defendant
EPITOME PHARMACEUTICALS LIMITED

EXHIBIT  B  PAGE  29

LA PIPER US LLP    SD\1789385 2

NOTICE OF REMOVAL OF DEFENDANT EPITOME PHARMACEUTICALS
PURSUANT TO 28 U.S.C. § 1332

# EXHIBIT A

EXHIBIT __B__ PAGE __30__

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EPITOME PHARMACEUTICALS LIMITED, a Nova Scotia
limited corporation; and DOES 1 through 100,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REID JILEK, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

Case Number: 37-2008-00079007-CU-BC-CTL

330 West Broadway
San Diego, CA 92101
Hall of Justice

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RICHARD R. WAITE (SBN 979942)    (858) 523-2130
KEENEY WAITE & STEVENS
125 NORTH ACACIA AVENUE, SUITE 101
SOLANA BEACH, CA 92075

DATE: **FEB 29 2008**    Clerk, by    **M. McKinley**    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
℗    **EXHIBIT** _B_    **PAGE** _31_

RICHARD R. WAITE (SBN 97942)
MARY M. BEST (SBN 110220)
**KEENEY WAITE & STEVENS**
A Professional Corporation
125 North Acacia Avenue, Suite 101
Solana Beach, CA 92075
Telephone:    (858) 523-2130
Facsimile:    (858) 523-2135

Attorneys for Plaintiff REID JILEK

19

C3... ...

... ...

... ... ...RT

... ... CA

**SUPERIOR COURT, STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO - CENTRAL DIVISION**

| | |
|---|---|
| REID JILEK, an individual, | Case No. 37-~~2008-00079007~~-CU-BC-CTL |
| Plaintiff, | COMPLAINT FOR: |
| | 1. DECLARATORY RELIEF |
| v. | 2. ACCOUNTING |
| | 3. ANTICIPATORY BREACH OF CONTRACT |
| EPITOME PHARMACEUTICALS | 4. BAD FAITH DENIAL OF CONTRACT |
| LIMITED, a Nova Scotia limited | 5. IMPOSITION OF CONSTRUCTIVE TRUST; |
| corporation; and DOES 1 through 100, | AND |
| inclusive, | 6. PRELIMINARY & PERMANENT |
| | INJUNCTION |
| Defendants. | |

Plaintiff Reid Jilek alleges follows:

## I. GENERAL ALLEGATIONS

1.    Plaintiff Reid Jilek is an individual residing in the County of San Diego, California, at all times mentioned herein.

2.    Plaintiff is informed and believes and thereon alleges that Defendant Epitome Pharmaceuticals Limited (hereinafter "Defendant") is a Nova Scotia, Canadian limited corporation

3.    The true names and capacities of Defendants Does 1 through 100 (the "Doe Defendants"), inclusive, are unknown to Plaintiff, who therefore sues said Doe Defendants by such fictitious names pursuant to Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes, and thereon alleges, that Does 1 through 100 are in some capacity

1

COMPLAINT FOR DECLARATORY RELIEF

EXHIBIT B PAGE 32

1  responsible for the acts and omissions and damages herein alleged. Plaintiff will seek leave of the

2  Court to amend this Complaint when said names and true capacities have been ascertained.

3      4.    Plaintiff is informed and believes, and thereon alleges that at all times mentioned

4  herein, except as otherwise stated, each of the Defendants and Doe Defendants, were the agents,

5  employees, subsidiaries, licensors, sublicensors, or affiliates of each of the remaining Defendants.

6  Plaintiff is informed and believes and thereon alleges that in doing the things herein alleged, such

7  Defendants and Doe Defendants were acting within the scope of their agency, subsidiary, licensing,

8  employment or affiliates agreements.

9                    **II. JURISDICTIONAL & VENUE ALLEGATIONS**

10     5.    On or about October 28, 1997, Plaintiff entered into a written agreement (the

11 "Agreement") with the Defendant. A true and correct copy of the Agreement is attached hereto as

12 Exhibit. A.

13     6.    The Agreement was entered into in San Diego County, California. Under the

14 Agreement Plaintiff was to secure introductions with companies in a position to manufacture,

15 market, and possibly finance an ointment known as Wart Heal being developed by the Defendant. In

16 exchange for Plaintiff's services, Defendant agreed to pay Plaintiff 5% of the net royalty stream

17 from the sale of the ointment. Plaintiff performed services for Defendant in California in general

18 and in San Diego County specifically.

19     7.    At the time the Agreement was signed by the Plaintiff, Plaintiff is informed and

20 believes and thereon alleges that Defendant was doing business in San Diego County under the name

21 of "Epitome Limited", which had a business office located at 3920 Goldfinch Street, San Diego, CA

22 92103.

23     8.    The Agreement was signed by Paul T. Wegener ("Wegener") in San Diego County,

24 California. Wegener was living in San Diego County and was the President, an officer, a director

25 and an agent of the Defendant, in San Diego County, California, at the time the Agreement was

26 signed. Plaintiff is informed and believes and thereon alleges that Wegner's contacts and activities

27 within the State of California are imputed to Defendant and establish minimum contacts within the

28 State of California.

9.    Plaintiff is informed and believes and thereon alleges that at the time the Agreement was entered into with the Plaintiff, the Defendant was doing business in the State of California, and the Defendant is currently doing business in the State of California with a licensing partner who has an office in San Diego County, California.

10.    In the latter part of 1999, a dispute arose between Plaintiff and the Defendant regarding the interpretation of the "5% of the net royalty stream" language in the Agreement. The parties resolved that dispute and agreed to a "Confidentiality Agreement" on or about February 22, 2000.

11.    The Confidentiality Agreement provides that: "This Agreement shall be governed by and construed and enforced in accordance with, the laws of the State of California."

### III.  FIRST CAUSE OF ACTION

**(Declaratory Relief against All Defendants).**

12.    Plaintiff refers to and incorporates herein by reference all preceding paragraphs of the Complaint.

13.    On or about March 1, 2000, Defendant sent a letter to its licensing partner, MediGene AG. A true and correct copy of that letter is attached hereto as Exhibit B and incorporated herein by reference. Ex. B confirmed Defendant's agreement with Plaintiff and requested that when and if any royalties were to become payable to the Defendant, that MediGene "retain 5% of each royalty payment due Epitome and forward such 5% share to Dr. Reid Jilek."

14.    On or about February 8, 2008, Defendant informed Plaintiff that there had not yet been any sales of Defendant's ointment and therefore no royalties had yet been paid to the Defendant.    At that same time, Defendant informed Plaintiff, for the first time, that Plaintiff was not entitled to any royalties under the Agreement and that the Confidentiality Agreement and other correspondence and documents issued by the Defendant that confirmed Plaintiff's entitlement to such royalties (such as Ex. B) were signed by the Defendant under duress and were "not legally binding."

15.    Plaintiff is informed and believes and thereon alleges that under the terms of the Agreement he is entitled to "5% of the net royalty stream resulting from the sales of Wart Heal

1   ointment." Plaintiff is further informed and believes that pursuant to the terms of the Agreement,

2   Defendant was required to include Plaintiff's entitlement to such royalties "into the final licensing

3   agreement for Wart Heal " with any of Defendant's strategic partners for Wart Heal.

4          16.    Defendant confirmed Plaintiff's entitlement to the Wart Heal royalties in the terms of

5   Ex. B.

6          17.    An actual controversy exists between Plaintiff and the Defendants herein, and each of

7   them, in that Plaintiff contends he is entitled to 5% of Defendant's net royalties for Wart Heal, and

8   that his entitlement to such royalties was voluntarily confirmed by the Defendants in Ex. B.

9   Defendants contend that Plaintiff is not entitled to such royalties under the Agreement and that Ex. B

10  was signed by the Defendants under duress and are therefore not legally binding.

11         18.    Plaintiff and Defendants desire a judicial determination of their respective rights,

12  duties and obligations under the Agreement.  A judicial determination is both necessary and

13  appropriate at this time in order that the parties may ascertain their respective rights, obligations and

14  liabilities, if any, with respect to the Agreement.

15                          **IV. SECOND CAUSE OF ACTION**

16                            **(Accounting - All Defendants)**

17         19.    Plaintiff refers to and incorporates herein by reference all preceding paragraphs of the

18  Complaint.

19         20.    Plaintiff is informed and believes and thereon alleges that beginning in 2008

20  Defendant has started to receive royalty payments and monies associated with its Wart Heal

21  product, a portion of which is due to Plaintiff pursuant to the Agreement.

22         21.    The amount of money due from Defendant to Plaintiff is unknown and cannot be

23  ascertained without an accounting of the receipts from Defendant's operations.

24         22.    Plaintiff has demanded that Defendant account for the aforementioned royalty monies

25  and pay the amount found to be due to Plaintiff, but Defendant has failed and refused, and continues

26  to fail and refuse, to render the accounting and pay the Plaintiff.

27  ///

28  ///

                                            4
                          COMPLAINT FOR DECLARATORY RELIEF   **EXHIBIT** _B_   **PAGE** _25_

1

## V. THIRD CAUSE OF ACTION

2

### (Anticipatory Breach of Contract - All Defendants)

3      23.   Plaintiff refers to and incorporates herein by reference all the preceding Paragraphs of

4  the Complaint.

5      24.   Plaintiff has fully performed and satisfied all his obligations under the Agreement

6  with Defendant.

7      25.   On or about February 8, 2008, Defendant informed Plaintiff that there were not yet any

8  royalties payable for Wart Heal under the Agreement and also informed Plaintiff that Defendant

9  would not honor or fulfill the terms of the Agreement.

10      26.   As Defendant has indicated that even when royalties payments are received for Wart

11  Heal, it does not intend to forward any portion of such royalties to the Plaintiff, Defendant has

12  breached the Agreement.

13      27.   Plaintiff has been damaged in an amount to proven at trial, which damages include 5%

14  of all the future net royalties received by Defendant that are associated with Wart Heal. Plaintiff will

15  amend this complaint to allege the full extent of his damages when they have been ascertained.

16

## VI.  FOURTH CAUSE OF ACTION

17

### (Bad  Faith Denial of Contract - All Defendants)

18      28.   Plaintiff refer to and incorporate herein by reference all preceding Paragraphs of the

19  Complaint

20      29.   Plaintiff performed under the terms of the Agreement.  For several years, both in their

21  actions and their correspondence with the Plaintiff, Defendant confirmed the existence of the

22  Agreement between Plaintiff and Defendant.

23      30    In or about February 2008, Defendant breached the Agreement, informed Plaintiff it

24  would not perform its obligations under the Agreement, and denied the existence and validity of the

25  Agreement with the Plaintiff as set forth above.

26      31.   Defendant's denial of the Agreement was done in bad faith and without probable cause.

27      32.   Plaintiff has been damaged in an amount to be proven at trial.

28  ///

## VII. FIFTH CAUSE OF ACTION

### (Imposition of Constructive Trust & Request for Preliminary and Permanent Injunction-All Defendants)

33.    Plaintiff refers to and incorporates herein by reference all preceding Paragraphs of the Complaint.

34.    Plaintiff is informed and believes and thereon alleges that Defendant has already or will soon be receiving royalties from the sale of Wart Heal. Those royalty payments will be easily identifiable and can be segregated into a separate fund.

35.    In or about February, 2008 Plaintiff demanded that Defendant begin honoring the terms of the Agreement and convey the 5% net royalty payments due Plaintiff under the Agreement. Defendant has failed and refused to convey to Plaintiff the 5% net royalty payments.

36.    Plaintiff is informed and believes and t hereon alleges that at the time Defendant made the promises to Plaintiff, as set forth above, Defendant had no intention of performing them.

37.    Plaintiff is informed and believes and thereon alleges that Defendant made these promises to Plaintiff with the intent to defraud Plaintiff and to induce Plaintiff to perform under the terms of the Agreement, allowing Defendant to reap the benefit of Plaintiff's performance under the Agreement, while keeping the profits from Plaintiff's performance to itself.

38.    At the time these promises were made and at the time Plaintiff acted in reliance on them, Plaintiff was ignorant of Defendant's secret intention not to perform, and Plaintiff could not, in the exercise of reasonable diligence, have discovered Defendant's secret intention and therefore acted reasonably in relying on Defendant's promises. Had Plaintiff know of Defendant's secret intention not to perform, Plaintiff would not have acted in reliance on Defendant's promises.

39.    By virtue of its fraudulent acts, Defendant holds the 5% net royalty payments associated with the Wart Heal product as a constructive trustee for the Plaintiff's benefit.

40.    Plaintiff has requested that Defendant provide an accounting and a statement of 5% of net royalty payments collected, to which Plaintiff is rightfully entitled under the Agreement, but Defendant has refused these requests.

41.    Plaintiff is informed and believes and thereon alleges that he is entitled to a constructive trust on the Wart Heal royalty payments in order to ensure that Defendant does not turn

6

EXHIBIT _13_ PAGE _27_

1   these payments over to others or dissipate these royalty payments in any fashion during the

2   pendency of this litigation.

3        WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

4      1.    For general damages according to proof at trial;

5      2.    For special damages according to proof at trial;

6      3.    For interest thereon according to proof at trial;

7      4.    For reasonable attorneys' fees and costs;

8      5.    For an accounting between the Plaintiff and Defendants;

9      6.    For payment over to Plaintiff of the amount due from Defendant as a result of the

10   account and interest on that amount from and after the date of the filing of this complaint;

11      7.    For an order declaring that Defendant holds 5% of the net royalty payments received

12   from the sale of Wart Heal in trust for the Plaintiff;

13      8.    For a temporary restraining order, preliminary injunction and permanent injunction

14   enjoining Defendant and its agents, servants, employees, and all persons acting under. in concert

15   with, or for Defendant from dissipating the proceeds it receives from the sale of the Wart Heal

16   product.

17      9.    For such other and further relief as the Court may deem just and proper.

18

19

20   Dated:   February 28, 2008          **KEENEY WAITE & STEVENS**
                                         A Professional Corporation

21

22                                By: _*Mary Best*_

23                                     Richard R. Waite

24                                     Mary M. Best
                                    Attorneys for Plaintiff
                                    REID JILEK

25

26

27

28

COMPLAINT FOR DECLARATORY RELIEF    **EXHIBIT** _B_ **PAGE** _28_

# A

*EPITOME LIMITED*

3920 GOLDFINCH STREET, SAN DIEGO, CA 92103
(619) 298-4279, FAX AT SAME NUMBER

28 October, 1997

Dear Dr. Jilek:

I am interested in establishing a relationship where you can serve my enterprises and where you will be equitably compensated for your efforts. I understand that your interest and service to a company is based on success, and that you prefer a long-term compensation from the royalty stream; I share both of these attitudes and practice them in the other companies with which I am associated.

In return for your long-term involvement with Epitome Pharmaceuticals, Ltd., I offer 5% of the net royalty stream resulting from the sales of Wart Heal ointment for genital warts. This 5% royalty will be incorporated into the final licensing agreement for Wart Heal to the strategic partner. You will bear your ordinary expenses; extraordinary expenses such as travel specifically for Epitome will be discussed as the occasion arises.

In return, you will be active on our behalf in a variety of roles, from securing introductions with companies positioned to manufacture and market the medication to helping obtain financing, if necessary, or any other assistance you feel would increase the chances of overall success of the venture. I hope to have Epitome become part of the group of ventures you enjoy caring for and fostering.

If this is satisfactory, please countersign and return a copy of this letter agreement.

Sincerely yours,

Paul T. Wegener
President

PTW/ccl

Agreed this 30 day of October, 1997:

Dr. Reid Jilek, Ph.D.

EXHIBIT A PAGE 30

# B

MAR-24-2000 20:25 FROM:SLONE & MUNRO    4920013    TO:6192901220    P.002/027

# EPITOME PHARMACEUTICALS LIMITED

5162 DUKE ST., SUITE 501, HALIFAX, N.S. B3J 1N7
PH: (902) 429-9247, FX (902) 492-0013; E-MAIL SLONEMUN@NS.SYMPATICO.CA

March 1, 2000

*by fax to:*    011 49-89 89 56 32-20

Martin Poehlchen
Vice-President
MediGene AG
Lochhamer Strasse 11
82152 Planegg/Martinsreid
Bavaria, Germany

Dear Dr. Poehlchen,

Re:    **Epitome Pharmaceuticals – Administrative Issues**

I write to provide a direction with respect to royalties paid to Epitome Pharmaceuticals under either the present agreement between our two companies or any future agreement between us.

Some years ago, when Paul Wegener was seeking a funding partner for the green tea medication, he enlisted the aid of Dr. Reid Jilek, a man with contacts in the pharmaceutical industry. Under his agreement with Dr. Jilek, the latter was to seek investors in Epitome in return for a 5% share of Epitome's royalties from the sale of green tea based treatment for genital warts.

Epitome recently resolved a disagreement it has had with Dr. Jilek with respect to his entitlement under that agreement and the company has now agreed to advise our licensing partner to forward to Dr. Jilek a percentage of our royalties, if any, from the polyphenon based treatment of genital warts.

Accordingly we would ask that you kindly do the following:

1.    In the event that royalties based on sales of products employing green tea polyphenols to treat genital warts become payable to Epitome by MediGene under the existing or any future agreement between our two companies, please retain 5% of each royalty payment due Epitome and forward such 5% share to Dr. Reid Jilek c/o Connor, Packer & Dunivan 3400 Fourth Avenue, San Diego California 29103.

2.    At the time you forward to Epitome's reports with respect to the calculation of royalties due Epitome on the sale of products for the treatment of genital warts based on green tea

EXHIBIT _B_ PAGE_32_

MAR-24-2000 20:25 FROM:SLONE & MUNRO        4920013        TO:6192981220        P.003/027

polyphenols, please forward a copy of such reports as well to Dr. Jilek at the same address.

3.    We would appreciate it if you would please sign this letter below and return by fax to Epitome in acknowledgment of your having received these instructions. This will enable us to demonstrate to Dr. Jilek that we have fulfilled our agreement with respect to his share of Epitome royalties from the treatment of genital warts through green tea polyphenols.

If you have any questions regarding the above please contact me or Paul. We appreciate your attention to this matter.

Best regards,

Andrew J.M. Munro

MediGene acknowledges receipt of this direction from Epitome Pharmaceuticals Ltd.

Dr. Martin Pochlchen

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00079007-CU-BC-CTL        CASE TITLE: Jilek vs. Epitome Pharmaceuticals Limited

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR -- i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

EXHIBIT __B__ PAGE __35__

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:    Central | |

| PLAINTIFF(S):    Reid Jilek |
|---|
| **DEFENDANT(S):** Epitome Pharmaceuticals Limited |
| SHORT TITLE:    JILEK VS. EPITOME PHARMACEUTICALS LIMITED |

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS**<br>**(CRC 3.221)** | CASE NUMBER:<br>37-2008-00079007-CU-BC-CTL |
|---|---|

Judge: Michael M. Anello                                Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program          ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial          ☐ Private Reference to General Referee

☐ Private Summary Jury Trial          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral          ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate  (mediation & arbitration only) _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                        Name of Defendant

_____          _____
Signature                              Signature

_____          _____
Name of Plaintiff's Attorney               Name of Defendant's Attorney

_____          _____
Signature                              Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated  02/29/2008                    _____
                                    JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page 1

EXHIBIT  _B_  PAGE _36_

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| MARY M. BEST (SBN 110220)<br>MARY M. BEST (SBN 110220)<br>KEENEY WAITE & STEVENS<br>125 NORTH ACACIA AVENUE, SUITE 101<br>SOLANA BEACH, CA 92075<br>TELEPHONE NO.: (858) 523-2130   FAX NO.: (858) 523-2135<br>ATTORNEY FOR *(Name):* REID JILEK | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME: Reid Jilek v. Epitome Pharmaceuticals 11;

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2008-00079007-CU-BC-CTL |
| | | | JUDGE | |
| | | | DEPT. | |

*Items 1–6 below must be completed (see instructions on page 2)*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):* 5

5. This case [ ] is [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 28, 2008

MARY M. BEST (SBN 110220)
*(TYPE OR PRINT NAME)*                                                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

EXHIBIT _B_ PAGE _37_

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

Auto Tort
   Auto (22)—Personal Injury/Property
      Damage/Wrongful Death
   Uninsured Motorist (46) *(if the*
      *case involves an uninsured*
      *motorist claim subject to*
      *arbitration, check this item*
      *instead of Auto)*

Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
         Wrongful Death
   Product Liability *(not asbestos or*
      *toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice–
         Physicians & Surgeons
      Other Professional Health Care
         Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip
         and fall)
      Intentional Bodily Injury/PD/WD
         (e.g., assault, vandalism)
      Intentional Infliction of
         Emotional Distress
      Negligent Infliction of
         Emotional Distress
      Other PI/PD/WD

Non-PI/PD/WD (Other) Tort
   Business Tort/Unfair Business
      Practice (07)
   Civil Rights (e.g., discrimination,
      false arrest) *(not civil*
      *harassment)* (08)
   Defamation (e.g., slander, libel)
      (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
         *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)
Employment
   Wrongful Termination (36)
   Other Employment (15)

Contract
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease
         Contract *(not unlawful detainer*
         *or wrongful eviction)*
      Contract/Warranty Breach—Seller
         Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/
         Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case—Seller Plaintiff
      Other Promissory Note/Collections
         Case
   Insurance Coverage *(not provisionally*
      *complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute

Real Property
   Eminent Domain/Inverse
      Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent*
         *domain, landlord/tenant, or*
         *foreclosure)*

Unlawful Detainer
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal*
      *drugs, check this item; otherwise,*
      *report as Commercial or Residential)*

Judicial Review
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
         Case Matter
      Writ–Other Limited Court Case
         Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
         Commissioner Appeals

Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims
      *(arising from provisionally complex*
      *case type listed above)* (41)

Enforcement of Judgment
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of
         County)
      Confession of Judgment *(non-*
         *domestic relations)*
      Sister State Judgment
      Administrative Agency Award
         *(not unpaid taxes)*
      Petition/Certification of Entry of
         Judgment on Unpaid Taxes
      Other Enforcement of Judgment
         Case

Miscellaneous Civil Complaint
   RICO (27)
   Other Complaint *(not specified*
      *above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-*
         *harassment)*
      Mechanics Lien
      Other Commercial Complaint
         Case *(non-tort/non-complex)*
      Other Civil Complaint
         *(non-tort/non-complex)*

Miscellaneous Civil Petition
   Partnership and Corporate
      Governance (21)
   Other Petition *(not specified*
      *above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
         Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief from Late
         Claim
      Other Civil Petition

EXHIBIT __B__ PAGE __38__

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:     330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:  San Diego, CA 92101
BRANCH NAME:        Central
TELEPHONE NUMBER:   (619) 685-6151

PLAINTIFF(S) / PETITIONER(S):     Reid Jilek

DEFENDANT(S) / RESPONDENT(S):  Epitome Pharmaceuticals Limited

JILEK VS. EPITOME PHARMACEUTICALS LIMITED

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
|---|---|
| | 37-2008-00079007-CU-BC-CTL |

Judge:  Michael M. Anello                                      Department: C-72

**COMPLAINT/PETITION FILED:** 02/29/2008

---

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE  THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

**NOTICE OF CASE ASSIGNMENT**

EXHIBIT ___B___ PAGE _39_

# EXHIBIT B

EXHIBIT _B_ PAGE _40_

1  MICHAEL S. TRACY (Bar No. 101456)
   JILLIAN L. PROCTOR (Bar No. 246989)
2  DLA PIPER US LLP
   401 B Street, Suite 1700
3  San Diego, CA 92101-4297
   Tel: 619.699.2700
4  Fax: 619.699.2701

5  Attorneys for Defendant
   EPITOME PHARMACEUTICALS LIMITED
6

7

8                SUPERIOR COURT OF CALIFORNIA

9            COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11  REID JILEK,                          CASE NO. 37-2008-00079007-CU-BC-CTL

12          Plaintiff,                   **NOTICE TO SUPERIOR COURT AND TO
                                         ADVERSE PARTY OF REMOVAL TO
13      v.                               THE UNITED STATES DISTRICT
                                         COURT FOR THE SOUTHERN
14  EPITOME PHARMACEUTICALS LIMITED,     DISTRICT OF CALIFORNIA**
    a Nova Scotia limited corporation, and DOES 1
15  to 100, inclusive,                   Dept.C-72
                                         Judge: Hon. Michael M. Anello
16          Defendant.                   Complaint Filed: February 29, 2008

17

18

19

20

21

22

23

24

25

26

27

28

SD\1789378.1    NOTICE TO SUPERIOR COURT AND ADVERSE PARTY OF REMOVAL TO THE UNITED STATES DISTRICT COURT

EXHIBIT _B_ PAGE _4_

1    **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF**

2    **REID JILEK AND HIS ATTORNEYS OF RECORD:**

3        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant

4    EPITOME PHARMACEUTICALS LIMITED ("Epitome") removed the above-referenced action

5    from the Superior Court of California for the County of San Diego to the United States District

6    Court for the Southern District of California. The grounds for this removal are set forth in the

7    Notice of Removal attached to this document as Exhibit A.

8        PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d), the filing of

9    this Notice shall effect the removal and the State Court shall proceed no further unless and until

10   the case is remanded.

11   Dated: April 10, 2008

12                         DLA PIPER US LLP

13

14                       By

15                         MICHAEL S. TRACY
                      JILLIAN L. PROCTOR

16                         Attorneys for Defendant
                      EPITOME PHARMACEUTICALS LIMITED

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B PAGE 42

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101-4297. On April 9, 2008, I served the within documents:

NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY
OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Richard R. Waite
Mary M. Best
Keeney Waite & Stevens
A Professional Corporation
125 North Acacia Avenue, Suite 101
Solana Beach, CA 92075
Telephone:   858.523.2130
Facsimile:    858.523.2135

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 9, 2008, at San Diego, California.

_____
Connie Garner

A PIPER US LLP
San Diego

SD:1814398 1

EXHIBIT _B_ PAGE _43_

PROOF OF SERVICE

# EXHIBIT C

EXHIBIT __B__ PAGE __44__

1   MICHAEL S. TRACY (Bar No. 101456)
    JILLIAN L. PROCTOR (Bar No. 246989)
2   **DLA PIPER US LLP**
    401 B Street, Suite 1700
3   San Diego, CA  92101-4297
    Tel: 619.699.2700
4   Fax: 619.699.2701

5   Attorneys for Defendant
    EPITOME PHARMACEUTICALS LIMITED

6

7

8                   SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF SAN DIEGO, CENTRAL DIVISION

10  REID JILEK, an individual,              CASE NO. 37-2008-00079007-CU-BC-CTL

11              Plaintiff,                   **ANSWER OF DEFENDANT EPITOME
                                            PHARMACEUTICALS LIMITED TO
12       v.                                 PLAINTIFF'S COMPLAINT**

13  EPITOME PHARMACEUTICALS              Dept.      C-72
    LIMITED, a Nova Scotia limited       Judge:     Hon. Michael M. Anello
14  corporation; and DOES 1 through 100,
    inclusive,                           Complaint:  February 29, 2008
15
            Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
PLAINTIFF'S COMPLAINT

EXHIBIT  ฿ PAGE  45

Defendant EPITOME PHARMACEUTICALS LIMITED ("Epitome"), a Nova Scotia limited corporation, answers the allegations in Plaintiff REID JILEK'S ("Plaintiff") unverified complaint as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30, Epitome denies generally and specifically each and every allegation contained in Plaintiff's unverified complaint and each cause of action contained therein. Epitome further denies that Plaintiff has sustained or will sustain injuries or damages in the nature alleged in the complaint or otherwise. Epitome specifically denies that Plaintiff has been damaged in the manner alleged, or in the sum or sums alleged or to be alleged, or in any amount or sum, by any act of Epitome.

## AFFIRMATIVE DEFENSES

As a further and separate answer to Plaintiff's complaint, and to each and every alleged cause of action therein, by way of affirmative defenses, Epitome alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to state a cause of action against Epitome.

### SECOND AFFIRMATIVE DEFENSE

### (Barred By the Statutes of Limitation)

Plaintiff's complaint, and each and every cause of action therein, is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to California Code of Civil Procedure sections 337, 339, and 343.

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's unreasonable delay in bringing this action has prejudiced Epitome such that Plaintiff's claims are barred by the doctrine of laches.

/////
/////

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to take reasonable steps to mitigate or minimize damages and cannot recover any amount he could have avoided by taking reasonable steps; therefore, his recover, if any, should be reduced by his failure to mitigate his damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

Plaintiff's causes of action, and each of them, are barred by reason of the failure of consideration offered in connection with any alleged agreement.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure of Performance)

Plaintiff cannot be heard to complain of any breach or denial of any alleged agreement due to the failure of Plaintiff to fully perform under the terms of the alleged agreement.

## SEVENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

Any alleged agreement is unenforceable due to the uncertainty of the essential terms and conditions of said agreement.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure of Conditions Precedent)

Any alleged agreement is unenforceable due to the failure of Plaintiff to perform conditions precedent and to establish any duty for Epitome to perform.

## NINTH AFFIRMATIVE DEFENSE

### (Failure of Conditions Concurrent)

Any alleged agreement is unenforceable due to the failure of Plaintiff to perform conditions concurrent required to establish any duty for Epitome to perform.

/////

/////

DLA PIPER RUDNICK
GRAY CARY US LLP

SD\1789415 1

ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
PLAINTIFF'S COMPLAINT

EXHIBIT \_\_B\_\_ PAGE \_\_47\_\_

## TENTH AFFIRMATIVE DEFENSE

### (Mistake)

To the extent that any alleged agreement has the effect intended by Plaintiff, the alleged agreement was the product of mistake and is therefore unenforceable.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fraud)

To the extent that any agreement with terms as alleged by Plaintiff exists or existed between Plaintiff and Epitome, the agreement was the product of fraud on the part of Plaintiff and is therefore unenforceable.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a result of Plaintiff's representations, acts, and/or omissions, the complaint, and each and every cause of action therein, is barred by the doctrine of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has engaged in conduct and activities with respect to the subject matter of this action by reason of which they have waived any claims or demands, if any, against Epitome.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff's acts, conduct and/or statements constituted consent to the alleged acts and/or conduct set forth in the complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Prevention of Performance)

To the extent Plaintiff alleges Epitome failed to perform under the terms of any alleged agreement, Epitome's performance was prevented by Plaintiff, thereby excusing Epitome's performance.

/////

/////

A PIPER RUDNICK    SD\1789415 1    ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
GRAY CARY US LLP    PLAINTIFF'S COMPLAINT

EXHIBIT  B  PAGE  48

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Plaintiff's acts, conduct and/or statements constitute unclean hands which bars any recovery under the complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Frustration of Purpose)

Plaintiff's alleged causes of action are barred because the object and/or purpose of any alleged agreement was frustrated due to circumstances beyond Epitome's control.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Abandonment)

Plaintiff's alleged causes of action are barred because Plaintiff abandoned any alleged agreement.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Additional Terms)

Plaintiff is barred from recovery under the causes of action alleged in the complaint because any agreement referenced therein fails to include additional terms agreed to by the parties under which Plaintiff has not performed or Epitome has fully performed, unless excused.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Modification)

Plaintiff is denied recovery under the causes of action alleged in the complaint because any agreement referenced therein was modified by terms under which Epitome has fully performed, unless excused.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Fault of Others)

Plaintiff is denied recovery against Epitome under the causes of action in the complaint, in whole or in part, because the fault or negligence of other persons or entities proximately caused some or all of Plaintiff's alleged damages, and accordingly Plaintiff's recovery against Epitome must be reduced in portion to the fault or negligence of such other persons.

-4-

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Set Off)

Epitome denies any liability under the complaint. However, if any liability should be found, Epitome alternatively alleges that any sums due and owing Plaintiff are offset by sums due and owing Epitome from Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Duress/Coercion)

To the extent that any agreement with terms as alleged by Plaintiff exists or existed between Plaintiff and Epitome, the agreement was the product of duress and/or coercion on the part of Plaintiff and is therefore unenforceable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unconscionability)

Any alleged agreement is unenforceable due to unconscionability, and thus is invalid under section 1670.5 of California's Civil Code.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Excuse)

Plaintiff is denied recovery against Epitome under the causes of action in the complaint, in whole or in part, because Epitome was, and is, excused from performing the obligations complained of in the complaint because of Plaintiff's own breaches of contract, anticipatory breaches, and wrongful conduct.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Negligent Misrepresentation)

To the extent that any agreement with terms as alleged by Plaintiff exists or existed between Plaintiff and Epitome, the agreement was the product of negligent misrepresentation on the part of Plaintiff and is therefore unenforceable.

/////

/////

/////

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Discharge of Duties)

Plaintiff is denied recovery against Epitome under the causes of action in the complaint, in whole or in part, because Epitome appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Right to Amend)

Epitome presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Epitome reserves the right to amend its Answer and assert additional affirmative defenses upon revelation of definitive facts by Epitome and upon Epitome's undertaking of discovery and investigation into this matter.

## PRAYER

WHEREFORE, Epitome prays for judgment against Plaintiff as follows:

1.    That Plaintiff take nothing by way of the complaint;

2.    That judgment be entered in favor of Epitome;

3.    That Epitome be awarded its attorneys' fees and costs incurred herein: and

4.    For such other and further relief as the Court deems appropriate.

Respectfully submitted.

Dated: April 9, 2008          DLA PIPER US LLP


By _____
    MICHAEL S. TRACY
    JILLIAN L. PROCTOR
    Attorneys for Defendants
    EPITOME PHARMACEUTICALS LIMITED

LA PIPER RUDNICK
RAY CARY US LLP

SD\1789415 1

ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
PLAINTIFF'S COMPLAINT

EXHIBIT B PAGE 51

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101-4297. On April 9, 2008, I served the within documents:

ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS
LIMITED TO PLAINTIFF'S COMPLAINT

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Richard R. Waite
Mary M. Best
Keeney Waite & Stevens
A Professional Corporation
125 North Acacia Avenue, Suite 101
Solana Beach, CA 92075
Telephone:    858.523.2130
Facsimile:     858.523.2135

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 9, 2008, at San Diego, California.

_____
Connie Garner

SDM814398.1

DLA PIPER US LLP
San Diego

**EXHIBIT** B    **PAGE** 52

PROOF OF SERVICE

**EXHIBIT C**

1  MICHAEL S. TRACY (Bar No. 101456)
   JILLIAN L. PROCTOR (Bar No. 246989)
2  **DLA PIPER US LLP**
   401 B Street. Suite 1700
3  San Diego, CA  92101-4297
   Tel:  619.699.2700
4  Fax:  619.699.2701

5  Attorneys for Defendant
   EPITOME PHARMACEUTICALS LIMITED
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF SAN DIEGO, CENTRAL DIVISION

10 REID JILEK, an individual,              CASE NO. 37-2008-00079007-CU-BC-CTL

11            Plaintiff,                    **ANSWER OF DEFENDANT EPITOME
                                            PHARMACEUTICALS LIMITED TO
12       v.                                 PLAINTIFF'S COMPLAINT**

13 EPITOME PHARMACEUTICALS
   LIMITED, a Nova Scotia limited          Dept.      C-72
14 corporation; and DOES 1 through 100,    Judge:     Hon. Michael M. Anello
   inclusive,
15                                          Complaint:  February 29, 2008
            Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

PIPER RUDNICK
  GARY US LLP    SDM789415.1    ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
                                PLAINTIFF'S COMPLAINT

EXHIBIT ___ PAGE ___ 53

1  Defendant EPITOME PHARMACEUTICALS LIMITED ("Epitome"), a Nova Scotia

2  limited corporation, answers the allegations in Plaintiff REID JILEK'S ("Plaintiff") unverified

3  complaint as follows:

## GENERAL DENIAL

5  Pursuant to California Code of Civil Procedure Section 431.30, Epitome denies generally

6  and specifically each and every allegation contained in Plaintiff's unverified complaint and each

7  cause of action contained therein.  Epitome further denies that Plaintiff has sustained or will

8  sustain injuries or damages in the nature alleged in the complaint or otherwise.  Epitome

9  specifically denies that Plaintiff has been damaged in the manner alleged, or in the sum or sums

10  alleged or to be alleged, or in any amount or sum, by any act of Epitome.

## AFFIRMATIVE DEFENSES

12  As a further and separate answer to Plaintiff's complaint, and to each and every alleged

13  cause of action therein, by way of affirmative defenses, Epitome alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

16  Plaintiff's complaint, and each and every cause of action therein, fails to state facts

17  sufficient to state a cause of action against Epitome.

### SECOND AFFIRMATIVE DEFENSE

**(Barred By the Statutes of Limitation)**

20  Plaintiff's complaint, and each and every cause of action therein, is barred, in whole or in

21  part, by the applicable statute of limitations, including, but not limited to California Code of Civil

22  Procedure sections 337, 339, and 343.

### THIRD AFFIRMATIVE DEFENSE

**(Laches)**

25  Plaintiff's unreasonable delay in bringing this action has prejudiced Epitome such that

26  Plaintiff's claims are barred by the doctrine of laches.

27  /////

28  /////

ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
PLAINTIFF'S COMPLAINT

A PIPER RUDNICK
AY CARY US LLP

SD\1789415 1

EXHIBIT ___ PAGE 54

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to take reasonable steps to mitigate or minimize damages and cannot recover any amount he could have avoided by taking reasonable steps; therefore, his recover, if any, should be reduced by his failure to mitigate his damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

Plaintiff's causes of action, and each of them, are barred by reason of the failure of consideration offered in connection with any alleged agreement.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure of Performance)

Plaintiff cannot be heard to complain of any breach or denial of any alleged agreement due to the failure of Plaintiff to fully perform under the terms of the alleged agreement.

## SEVENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

Any alleged agreement is unenforceable due to the uncertainty of the essential terms and conditions of said agreement.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure of Conditions Precedent)

Any alleged agreement is unenforceable due to the failure of Plaintiff to perform conditions precedent and to establish any duty for Epitome to perform.

## NINTH AFFIRMATIVE DEFENSE

### (Failure of Conditions Concurrent)

Any alleged agreement is unenforceable due to the failure of Plaintiff to perform conditions concurrent required to establish any duty for Epitome to perform.

/////

/////

PIPER RUDNICK
GRAY CARY US LLP

SD\1789415.1

ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
PLAINTIFF'S COMPLAINT

EXHIBIT ___ PAGE 55

## TENTH AFFIRMATIVE DEFENSE

### (Mistake)

To the extent that any alleged agreement has the effect intended by Plaintiff, the alleged agreement was the product of mistake and is therefore unenforceable.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fraud)

To the extent that any agreement with terms as alleged by Plaintiff exists or existed between Plaintiff and Epitome, the agreement was the product of fraud on the part of Plaintiff and is therefore unenforceable.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a result of Plaintiff's representations, acts, and/or omissions, the complaint, and each and every cause of action therein, is barred by the doctrine of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has engaged in conduct and activities with respect to the subject matter of this action by reason of which they have waived any claims or demands, if any, against Epitome.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff's acts, conduct and/or statements constituted consent to the alleged acts and/or conduct set forth in the complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Prevention of Performance)

To the extent Plaintiff alleges Epitome failed to perform under the terms of any alleged agreement, Epitome's performance was prevented by Plaintiff, thereby excusing Epitome's performance.

PIPER RUDNICK
GRAY CARY US LLP

SD\1789415.1

-3-

ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
PLAINTIFF'S COMPLAINT

EXHIBIT ___ PAGE 56

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's acts, conduct and/or statements constitute unclean hands which bars any recovery under the complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

Plaintiff's alleged causes of action are barred because the object and/or purpose of any alleged agreement was frustrated due to circumstances beyond Epitome's control.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

Plaintiff's alleged causes of action are barred because Plaintiff abandoned any alleged agreement.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Additional Terms)

Plaintiff is barred from recovery under the causes of action alleged in the complaint because any agreement referenced therein fails to include additional terms agreed to by the parties under which Plaintiff has not performed or Epitome has fully performed, unless excused.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Modification)

Plaintiff is denied recovery under the causes of action alleged in the complaint because any agreement referenced therein was modified by terms under which Epitome has fully performed, unless excused.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Fault of Others)

Plaintiff is denied recovery against Epitome under the causes of action in the complaint, in whole or in part, because the fault or negligence of other persons or entities proximately caused some or all of Plaintiff's alleged damages, and accordingly Plaintiff's recovery against Epitome must be reduced in portion to the fault or negligence of such other persons.

-4-

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

### (Set Off)

3  Epitome denies any liability under the complaint.  However, if any liability should be

4  found, Epitome alternatively alleges that any sums due and owing Plaintiff are offset by sums due

5  and owing Epitome from Plaintiff.

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

7

### (Duress/Coercion)

8  To the extent that any agreement with terms as alleged by Plaintiff exists or existed

9  between Plaintiff and Epitome, the agreement was the product of duress and/or coercion on the

10  part of Plaintiff and is therefore unenforceable.

11

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

12

### (Unconscionability)

13  Any alleged agreement is unenforceable due to unconscionability, and thus is invalid

14  under section 1670.5 of California's Civil Code.

15

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

16

### (Excuse)

17  Plaintiff is denied recovery against Epitome under the causes of action in the complaint, in

18  whole or in part, because Epitome was, and is, excused from performing the obligations

19  complained of in the complaint because of Plaintiff's own breaches of contract, anticipatory

20  breaches, and wrongful conduct.

21

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

22

### (Negligent Misrepresentation)

23  To the extent that any agreement with terms as alleged by Plaintiff exists or existed

24  between Plaintiff and Epitome, the agreement was the product of negligent misrepresentation on

25  the part of Plaintiff and is therefore unenforceable.

26  /////

27  /////

28  /////

PIPER RUDNICK
GRAY US LLP

SD\1789415 1

-5-
ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
PLAINTIFF'S COMPLAINT

EXHIBIT  C  PAGE  58

1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2

### (Discharge of Duties)

3

Plaintiff is denied recovery against Epitome under the causes of action in the complaint, in

4

whole or in part, because Epitome appropriately, completely, and fully performed and discharged

5

any and all obligations and legal duties arising out of the matters alleged in the complaint.

6

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

7

### (Right to Amend)

8

Epitome presently has insufficient knowledge or information on which to form a belief as

9

to whether it may have additional, as yet unstated, defenses available. Epitome reserves the right

10

to amend its Answer and assert additional affirmative defenses upon revelation of definitive facts

11

by Epitome and upon Epitome's undertaking of discovery and investigation into this matter.

12

## PRAYER

13

WHEREFORE, Epitome prays for judgment against Plaintiff as follows:

14

1.    That Plaintiff take nothing by way of the complaint;

15

2.    That judgment be entered in favor of Epitome;

16

3.    That Epitome be awarded its attorneys' fees and costs incurred herein; and

17

4.    For such other and further relief as the Court deems appropriate.

18

Respectfully submitted.

19

Dated: April ___, 2008                 DLA PIPER US LLP

20

21

By _____
22           MICHAEL S. TRACY
          JILLIAN L. PROCTOR
23        Attorneys for Defendants
          EPITOME PHARMACEUTICALS LIMITED

24

25

26

27

28

A PIPER RUDNICK
AY CARY US LLP

SD\1789415 1    ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS LIMITED TO
PLAINTIFF'S COMPLAINT

EXHIBIT ___ PAGE 59

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101-4297. On April 9, 2008, I served the within documents:

ANSWER OF DEFENDANT EPITOME PHARMACEUTICALS
LIMITED TO PLAINTIFF'S COMPLAINT

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Richard R. Waite
Mary M. Best
Keeney Waite & Stevens
A Professional Corporation
125 North Acacia Avenue, Suite 101
Solana Beach, CA 92075
Telephone:    858.523.2130
Facsimile:    858.523.2135

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 9, 2008, at San Diego, California.

_____
Connie Garner

14

1

**PROOF OF SERVICE**    08 APR 11 PM 4:16

2
    I am a resident of the State of California, over the age of eighteen years, and not a party to
the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700,
3
San Diego, California 92101-4297. On April 9, 2008, I served the within documents: CA

4
    NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY
    OF REMOVAL TO THE UNITED STATES DISTRICT COURT
5
    FOR THE SOUTHERN DISTRICT OF CALIFORNIA

6

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set
7
    forth below on this date before 5:00 p.m.

8
☒    by placing the document(s) listed above in a sealed envelope with postage thereon
    fully prepaid, in the United States mail at San Diego, California addressed as set
9
    forth below.

10
☐    by personally delivering the document(s) listed above to the person(s) at the
11
    address(es) set forth below.

12
Richard R. Waite
Mary M. Best
13
Keeney Waite & Stevens
A Professional Corporation
14
125 North Acacia Avenue, Suite 101
15
Solana Beach, CA 92075
Telephone:    858.523.2130
16
Facsimile:    858.523.2135

17
    I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
18
day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
19
meter date is more than one day after date of deposit for mailing in affidavit.

20
    I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.
21

    Executed on April 9, 2008, at San Diego, California.
22

23

24
               _____
25
                      Connie Garner

26

27

28

SD\1814398.1

1   MICHAEL S. TRACY (Bar No. 101456)
    JILLIAN L. PROCTOR (Bar No. 246989)
2   **DLA PIPER US LLP**
    401 B Street, Suite 1700
3   San Diego, CA  92101-4297
    Tel:  619.699.2700
4   Fax: 619.699.2701
    mike.tracy@dlapiper.com
5   jillian.proctor@dlapiper.com

6   Attorneys for Defendant
    EPITOME PHARMACEUTICALS LIMITED
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  REID JILEK, an individual,              CV NO.  08cv0658-IEG-WMc

12              Plaintiff,                   **CERTIFICATE OF SERVICE**

13         v.                                **Person(s) Served:**
                                             Richard R. Waite, Esq.
14  EPITOME PHARMACEUTICALS                  Mary M. Best, Esq.
    LIMITED, a Nova Scotia limited
15  corporation, and DOES 1 to 100, inclusive,   **Date Served:**
                                             May 15, 2008
16              Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN DIEGO

WEST\21349839.1
368098-000001

CASE NO. 08 CV 0658 IEG WMc
CERTIFICATE OF SERVICE

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:

**PROOF OF FILING OF NOTICE OF REMOVAL IN SUPERIOR COURT**

in the following manner: (check one)

[X] by transmitting via e-filing the document(s) listed above to the Case Management/ Electronic Case filing system, such document(s) will be served to the addressee(s) specified below *as indicated below.*

[ ] by transmitting the documents listed above electronically, *by written agreement of counsel, as indicated below.*

[ ] by transmitting via facsimile the document(s) listed above to the fax number(s) specified below on this date before 5:00 p.m.

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

[ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, and deposited with UPS Overnight at San Diego, California to the addressee(s) specified below.

[ ] by personally delivering the document(s) listed above to the person(s) via Central Attorney Service at the address(es) set forth below.

*Attorneys for Plaintiffs:*

Richard R. Waite, Esq.
Mary M. Best, Esq.
Keeney Waite & Stevens
125 N Acacia Ave  Ste 101
Solana Beach CA 92075
Tel: 858-523-2130
Fax: 858-523-2135

Executed on May 15, 2008, at San Diego, California.

By    s/Jillian L. Proctor
MICHAEL S. TRACY
JILLIAN L. PROCTOR
DLA PIPER US LLP
Attorneys for Defendant
EPITOME PHARMACEUTICALS LIMITED

DLA PIPER US LLP
SAN DIEGO

WEST\21349839.1
368098-000001

CASE NO. 08 CV 0658 IEG WMc
CERTIFICATE OF SERVICE