RICHARD R. WAITE (SBN 97942)
MARY M. BEST (SBN 110220)
**KEENEY WAITE & STEVENS**
A Professional Corporation
125 North Acacia Avenue, Suite 101
Solana Beach, CA 92075
Telephone:   (858) 523-2130
Facsimile:    (858) 523-2135

Attorneys for Plaintiff REID JILEK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REID JILEK, an individual, | Case No. 08 CV 0658 IEG WMc |
| Plaintiff, | **JILEK DECLARATION IN SUPPORT OF MOTION TO DISQUALIFY DEFENDANT'S ATTORNEYS** |
| v. | |
| EPITOME PHARMACEUTICALS LIMITED, a Nova Scotia limited corporation, | Date: July 14, 2008<br>Time: 10:30 a.m.<br>Courtroom: #1, 4th Floor<br>Hon. Irma Gonzalez<br>Trial: None Set |
| Defendant. | |

I, REID JILEK, declare as follows:

1. I am the Plaintiff in the above matter and I make this declaration from my own personal knowledge. In early 1999 I met with attorney Matt Kirmayer through my acquaintance with Allen Glick and Harris Brotman. I gave Kirmayer a copy of my contract with EPITOME. A true and correct copy of that contract is attached as Exhibit A to the complaint and is attached hereto.

2. Kirmayer set up a meeting with me at this office located at 4365 Executive Drive, Ste. 1600, San Diego, CA 92121-2189. At the meeting he gave me a copy of his business card which is attached hereto as Exhibit B.

3. I do not recall the precise date of our meeting or how long we met. During the meeting Kirmayer excused himself to attend another meeting and I continued meeting with a male associate of his; I no longer recall the name of the associate attorney.

4. At the meeting I reviewed with Kirmayer and the associate my contract with EPITOME (Ex. A) and a letter I was proposing to send to various German pharmaceutical companies. I had discovered that EPITOME had secured a German licensing partner and had not informed that partner that I was entitled to 5% of any EPITOME royalties as set forth in my contract. EPITOME would not disclose the name of the partner to me and I was seeking legal advice on how to determine the partner's identity.

5. In my attempts to discover the name of the licensing partner, I was exploring sending the letter mentioned in Paragraph 4 above. Before I met with Kirmayer, I prepared a proposed version of the letter and indicated it would come from Gray, Cary (Kirmayer's law firm) if I retained their services. A true and correct copy of the proposed letter is attached hereto as Exhibit C.

6. I sought and received legal advice from Kirmayer and his associate on Exhibit A and on whether I was legally entitled to contact possible EPITOME partners and inform them of my contract. I also sought and received legal advice from Kirmayer and his associate on the proposed text of Exhibit C. I discussed these matters with Kirmayer and his associate with the expectation that our discussions were confidential and would not be revealed to any one else. I did not ultimately retain the services of Kirmayer but retained a different attorney.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 26 MAY 2008

REID JILEK

*Epitome Limited*

3920 GOLDFINCH STREET, SAN DIEGO, CA 92103
(619) 298-4279, FAX AT SAME NUMBER

28 October, 1997

Dear Dr. Jilek:

I am interested in establishing a relationship where you can serve my enterprises and where you will be equitably compensated for your efforts. I understand that your interest and service to a company is based on success, and that you prefer a long-term compensation from the royalty stream; I share both of these attitudes and practice them in the other companies with which I am associated.

In return for your long-term involvement with Epitome Pharmaceuticals, Ltd., I offer 5% of the net royalty stream resulting from the sales of Wart Heal ointment for genital warts. This 5% royalty will be incorporated into the final licensing agreement for Wart Heal to the strategic partner. You will bear your ordinary expenses; extraordinary expenses such as travel specifically for Epitome will be discussed as the occasion arises.

In return, you will be active on our behalf in a variety of roles, from securing introductions with companies positioned to manufacture and market the medication to helping obtain financing, if necessary, or any other assistance you feel would increase the chances of overall success of the venture. I hope to have Epitome become part of the group of ventures you enjoy caring for and fostering.

If this is satisfactory, please countersign and return a copy of this letter agreement.

Sincerely yours,

Paul T. Wegener
President

PTW/ccl

Agreed this 30TH day of October, 1997: _____
Dr. Reid Jilek, Ph.D.



## GRAY CARY WARE & FREIDENRICH
A PROFESSIONAL CORPORATION

**MATT KIRMAYER**
ATTORNEY AT LAW

4365 EXECUTIVE DRIVE
SUITE 1600
SAN DIEGO, CA 92121-2189

TEL (619) 677-1459
FAX (619) 677-1477

CELLULAR (619) 889-5566
PAGER (800) 240-0784
INTERNET: MKIRMAYER@GCWF.COM

To:   Robert Carraher
      General Manager, Pharmaton (Boehringer Ingleheim)

From: Gray, Cary, Ware, and Friedenrich

Date: April 5, 1999

Dear Sirs,

It is our understanding, that you have formed a licensing agreement, with the President of Epitome Limited, Mr. Paul Wegener, for Wart Heal (Topical Treatment For Genital Warts).

It is also our understanding, that you have NOT included, my client, Dr. Reid Jilek, in your licensing agreement, as per the attached contractual agreement, between Mr. Wegener and Dr. Jilek, dated October 27, 1997.

We would appreciate you remedying your licensing agreement, with Mr. Wegener, and Epitome Limited, to include Dr. Jilek, indicating, that Dr. Jilek will receive a 5% royalty for Wart Heal. We would also request, that any other license parteners, Mr. Wegener may have conveniently omitted to mention to you, be incorporated, in the final licensing agreement, so as not to complicate matters further.

Regards,

Exhibit C  Page 5