UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REID JILEK, | ) Case No. 08CV658-IEG (WMc) |
| | ) |
| Plaintiff, | ) **CASE MANAGEMENT CONFERENCE** |
| v. | ) **ORDER REGULATING DISCOVERY AND** |
| | ) **OTHER PRETRIAL PROCEEDINGS** |
| EPITOME PHARMACEUTICALS | ) |
| LIMITED, | ) (Fed. R. Civ. P. 16) |
| | ) (Local Rule 16.1) |
| Defendants. | ) (Fed. R. Civ. P. 26) |
| | ) |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a telephonic Case Management Conference was held on September 10, 2008 at 4:30 p.m. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED:**

1. Initial disclosures pursuant Rule 26(a)(1)(A-D) shall occur before **September 30, 2008**.

2. A joint discovery plan shall be lodged with Magistrate Judge McCurine on or before **September 30, 2008**.

3. Each party shall serve on all opposing parties a list of experts, whom that party expects to call at trial, on or before

**October 13, 2008**.  Each party may supplement its designation in response to the other party's designation no later than **October 27, 2008**.  Expert designations shall include the name, address, and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is <u>not</u> limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4.  All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **November 24, 2008**.  Any contradictory or rebuttal information shall be disclosed on or before **December 22, 2008.**  In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).

The parties are advised to consult with Fed. R. Civ. P. 26(a)(2) regarding expert disclosures.  Such disclosures shall include an expert report, all supporting materials, a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the expert in

forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness including a list of all publications authored by the witness within the preceding ten years, the compensation to be paid for the study and testimony, and a list of other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5.   All discovery, including expert discovery, shall be completed by all parties on or before **January 16, 2009**. "Completed" means that interrogatories, requests for production, and other discovery requests must be served at least thirty (30) days prior to the established cutoff date so that responses thereto will be due on or before the cutoff date.  All subpoenas issued for discovery must be returnable on or before the discovery cutoff date.  **<u>All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the dispute occurred.  Counsel are required to meet and confer regarding all discovery disputes pursuant to the requirements of Local Rules 16.5(k) and 26.1(a). All discovery motions and/or conferences must</u>**

1 **be calendared within thirty (30) days of a dispute arising, and in**
2 **the absence of extraordinary circumstances, no later than thirty**
3 **(30) days after the discovery cutoff**.

4    6.   All other pretrial motions must be filed on or before
5 **January 26, 2009**.  Motions will not be heard or calendared unless
6 counsel for the moving party has obtained a motion hearing date
7 from the law clerk of the judge who will hear the motion.  **Be**
8 **further advised that the period of time between the date you**
9 **request a motion date and the hearing date may be up to three or**
10 **more months. Please plan accordingly.**  For example, you may need to
11 contact the judge's law clerk three or more months in advance of
12 the motion cutoff to calendar the motion.  Failure to timely
13 request a motion date may result in the motion not being heard.
14 <u>Motions will not be heard on the above date unless you have</u>
15 <u>obtained that date from the judge's law clerk</u>.

16    Questions regarding this case should be directed to the
17 judge's law clerk.  The Court draws the parties' attention to Local
18 Rule 7.1(e)(4) which requires that the parties allot <u>additional</u>
19 <u>time for service of motion papers by mail</u>.  Papers not complying
20 with this rule shall not be accepted for filing.

21    Briefs or memoranda in support of or in opposition to any
22 pending motion shall not exceed twenty-five (25) pages in length
23 without leave of the judge who will hear the motion.  No reply
24 memorandum shall exceed ten (10) pages without leave of the judge
25 who will hear the motion.

26    7.   A Mandatory Settlement Conference shall be conducted on
27 **November 6, 2008** at **2:00 p.m.** in the chambers of Magistrate Judge
28 William McCurine. Counsel shall submit **confidential** settlement

statements **directly** to Magistrate Judge McCurine's chambers no later than **October 31, 2008**. **Absent extraordinary circumstances, requests for continuances will <u>not</u> be considered *unless* submitted in *writing* no less than fourteen (14) days prior to the scheduled conference.**

Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **The settlement conference briefs shall not be filed with the Clerk of the Court.**

All parties and claims adjusters for insured defendants and representatives with full authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the Mandatory Settlement Conference.

Full authority to settle means that the individual present at the settlement conference has the unfettered discretion and authority to: 1) fully explore settlement options and to agree at that time to any settlement options; 2) agree at that time to any settlement terms acceptable to the parties; 3) change the settlement position of a party; and 4) negotiate monetary awards without being restricted to a specific sum certain.

Where the suit involves the United States or one of its agencies, only United States counsel with full settlement authority

need appear.  <u>As to all other parties, appearance by litigation counsel only is not acceptable</u>.

Outside retained corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **All conference discussions will be informal, off the record, privileged, and confidential.** ***Failure of required parties and counsel to appear <u>in person</u> may be cause for the imposition of sanctions.***

8.  If Plaintiff is incarcerated in a penal institution or other facility, the Plaintiff's presence is not required at conferences before Judge McCurine, and the Plaintiff may appear by telephone.  In that case, defense counsel is to coordinate the Plaintiff's appearance by telephone.

9.  Counsel shall serve on each other and file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) on or before **March 16, 2009**.  On or before this date, the parties must also comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3).  The parties should consult Fed. R. Civ. P. 26(a)(3) for the substance of the required disclosures.

10. Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before **March 23, 2009**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment, lists of witnesses and their addresses including experts who will be called to testify, and written contentions of applicable facts and law.

The exhibits shall be prepared in accordance with Local Rule 16.1(f)(2)(c). Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

11. The proposed final pretrial conference order, including written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served, and submitted to the Clerk's Office on or before **March 30, 2009** and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6). Any objections shall comply with the requirements of Fed. R. Civ. P. 26(a)(3). **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

12. The final pretrial conference is scheduled on the calendar of the **Honorable Irma E. Gonzalez** on **April 6, 2009** at **10:30 a.m**. The trial date will be assigned by Judge Gonzalez at the pretrial conference.

13. The dates and times set forth herein will not be modified except for good cause shown.

14. Plaintiff's(s') counsel shall serve a copy of this order on all parties that enter this case hereafter.

IT IS SO ORDERED.

DATED: September 11, 2008

*/s/ W. McCurine Jr.*

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court